Warner, Chief Justice.
This was a claim case, on the trial of which the jury, under the charge of the court, found a verdict in favor of the claimant. The plaintiff made a motion for a new trial on the several grounds therein stated, which was overruled by the court, and the plaintiff excepted. It appears from the evidence in the record, that the plaintiff obtained a judgment in the superior court of Webster county on the 10th day of September, 1867, against Solomon J. Harrell as principal, and W. A. Gregory as indorser, for the sum of $1000.00 principal, besides interest; that an execution issued thereon, which was on the 1st day of February, 1875, levied by the sheriff of Stewart county on twelve packages of cotton as the property of W. A. Gregory, one of the defendants, which was claimed by R. T. Gregory as his property.
On the trial the claimant offered in evidence a paper purporting to be a motion and judgment thereon, rendered by the superior court of Webster county at the September term thereof, 1869, upon the face of which it appeared that said judgment and execution were set aside, so far as the principal, Solomon J. Harrell, was concerned, on the ground that the note on which said judgment was founded, was given for a slave, which paper the court admitted in evidence over the plaintiff’s objections; and that is one of the errors complained of. It also appears that on the 10th of November, 1867, the plaintiff levied his fi. fa. on certain described lands and personal property (the latter being of sufficient value to have satisfied the fi. fa.), as the property of the principal defendant, S. J. Harrell; that afterwards, on the 18th day of March, 1870, the levy on the aforesaid property was dismissed by the sheriff by order of the plaintiff’s *735 attorney, it being recited therein that the property levied on was not subject to the fi. fa. 1’t appears from the evidence that on the 25th of February, 1867, Solomon <T. Harrell and his wife executed to D. B. Harrell a mortgage on the property in controversy, to secure the payment of certain promissory notes executed by S. J. Harrell and his wife, amounting to the sum of $1,703.00, besides interest. It also appears that S. J. Harrell, on the 18th of November, 1867, conveyed said property by deed to D. B. Harrell, his brother, in payment of a debt alleged to have been due to him by S. J. Harrell. The plaintiff’s attorney testified that he was induced to make the levy on the property by the statements of John Harrell that it was subject, and that he knew all about it, etc.; that afterwards he denied knowing anything about it, and as his testimony was relied on to make the property subject, and without it he could not make the levy productive, he therefore dismissed it. The court charged the jury, amongst other things, that: uIf you believe from the evidence, that in the year 1867 this fi. fa. was levied upon personal property of sufficient value to pay this debt, and that the property was the property of Solomon Harrell, the defendant, and that the plaintiff, without the consent of Gregory, dismissed said levy, then I charge you that that was such an act as discharged Gregory, the indorser, from all liability on said fi. fa., and you should find the property not subject. But if you believe that the property levied on by this fi. fa. in 1867, was not the property of Solomon Harrell, the defendant, and not subject to the lien of said fi.fa., and that said levy was dismissed by plaintiff, or his attorney, then that is a sufficient explanation of said dismissal as to prevent the same from amounting to an abandonment of said lien, and said act of dismissal does not i’elease the lien of said fi. fa. on the property now levied on, if said fi-fa. has any lien thereon.” The court further charged the jury : “ If the plaintiff and the principal defendant, without the knowledge and consent of Gregory, the indorser, agreed to an order setting aside the judgment *736 against the defendant, Solomon Harrell, on the ground that the consideration of the debt was a slave or slaves, or if such order was taken with the' knowledge of plaintiff or his counsel, and said plaintiff submitted to said order, the said Gregory having no notice thereof, that was an illegal order, and whether it was void or voidable, if the effect of it was to increase the risk of Gregory, or to expose him to greater liability, (and these facts you will determine under the evidence), then he, Gregory, is discharged from all liability, and you should find the property not subject.”
1. The levy of an execution on the personal property of a defendant therein sufficient to pay the debt, which afterwards is dismissed by the plaintiff without the sale of the property, the mere fact of the dismissal of the levy by the plaintiff when shown to have been unproductive, does not destroy the lien of the plaintiff’s judgment on the property of the defendant, and postpone the same in favor of junior judgment creditors of that same defendant, when the question of suretyship is not involved, and that was the ruling of this court, in Ryan vs. Lieber, 30th Ga. Rep., 433, and in Rawson vs. Davis et al., 36th Ga. Rep., 511. The defendants in execution who are sureties, stand upon a different footing when a levy has been made on the • personal property of their principal and dismissed by the plaintiff without their consent. The 2154th section of the Code, declares, that “ any act of the creditor, either before or after judgment against the principal, which injures the -surety or increases his risk, or exposes him to greater liability, will discharge him.” When a plaintiff in fi. fa., therefore, levies it on the personal property of the principal defendant therein, sufficient to satisfy the same, and without the consent of the surety who is also a defendant therein, dismisses said levy, such an act is prima facie an injury to the surety, and it is incumbent on the plaintiff to show that it was not, either by showing that the property levied on was not the property of the principal defendant, or that the surety was not injured *737 by the dismissal of the levy, either by increasing his risk or exposing him to greater liability.
2. The admission of the order of the court made in 1869, setting aside the judgment and execution as to S. J. Harrell, the principal defendant, was error. That order setting aside that judgment and execution, was a mere nullity according to the rulings of this court, and the counsel for the defendant in error did not rely upon it in his argument here, but it appears to have been relied iipon before the jury in the court below, and a portion of the charge of the court was predicated upon that illegal evidence. Who can say that the jury did not release the surety upon that illegal evidence under the charge of the court, and find their verdict in favor of the claimant ? — the more especially as the jury may have believed from the evidence before them, that at the time the levy was made on the property on the 10th of November, 1867, that I). B. Harrell had a mortgage lien thereon of older date than the plaintiff’s judgment, which would render the plaintiff’s levy on the property wholly unproductive, and therefore the surety was not injured by the dismissal of that levy. There is no doubt'from the evidence in the record, that at the time the levy was made, on the 10th of November, 1867, D. B. Harrell had a mortgage on the property to secure the payment of $4,703.00, besides interest, of older date than the plaintiff’s judgment. Whether the jury found their verdict on the ground of the dismissal of that levy under the evidence, or whether they found their verdict on the ground of the illegal evidence which was admitted, under the charge of the court thereon, we do not know, and therefore we reverse the judgment and order a new trial.
Judgment reversed.