### 15003.  KENNEY v. HIGGINS et al.

LUKE, J. 1. "Where a vendor contracts to sell land for which he holds only an executory contract of purchase, and stipulates with his vendee to convey a merchantable title by a warranty deed during a specified day in the future, upon the strength of which he receives a part of the purchase-price as earnest money, which the contract provides shall be retained as a forfeiture by the vendor in case of a breach of the contract by the purchaser, and is to be returned to the vendee if titles to the premises are not merchantable, such vendor can not retain the earnest money after the day on which title is to pass, having himself failed to perfect his title so that he might convey to his vendee a merchantable title as provided by the contract. In the circumstances enumerated the vendee may, after the expiration of the time for making the deed, maintain an action for recovery of the earnest money without having paid or tendered payment of the balance of the purchase price."

2. The foregoing ruling is by the Supreme Court in this case. The trial court had directed a verdict in favor of the plaintiffs, and this court reversed that judgment, holding that, "the evidence being in conflict upon material issues, and presenting questions for determination by the jury, the court erred in directing a verdict." The Supreme Court, on certiorari, reversed the judgment of this court. *Higgins* v. *Kenney*, 159 *Ga.* 736 (126 S. E. 827). See full opinion of that court, rendered on February 18, 1925. In obedience to the decision of the Supreme Court, the former judgment of this court (31 *Ga. App.* 514, 121 S. E. 841) is hereby vacated, and the judgment of the trial court is *affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED APRIL 14, 1925.

Complaint; from city court of Savannah—Judge Freeman. July 30, 1923.

*Travis & Travis,* for plaintiff in error.
*McIntire, Walsh & Bernstein,* contra.