HARN *v.* HARN.

Where a wife, after having separated from her husband because of his cruel treatment, brought a libel for divorce against him upon the grounds of cruel treatment and habitual drunkenness, but was induced by him, by his promise to reform and not again to be guilty of the acts and conduct relied upon as grounds for divorce, to return to him and resume marital relations, this would have constituted condonation and would have barred the right of the wife to proceed with the suit had the husband not violated the condition upon which the wife returned; but where he did violate that condition and was guilty of a repetition of acts of cruel treatment and drunkenness, the violation of the condition revived the cause of action; and where the wife immediately left her husband after a repetition of the acts of cruel treatment, she may press the suit to a conclusion and upon the trial thereof prove the cruel treatment and instances of intoxication prior to the bringing of the suit as well as those occurring afterwards.

No. 3413. APRIL 14, 1923.

Divorce. Before Judge Sheppard. Bryan superior court. July 8, 1922.

*J. H. Smith* and *W. F. Slater*, for plaintiff in error.

*Seabrook & Kennedy*, contra.

BECK, P. J. Ethel Harn brought her libel for divorce against her husband, H. I. Harn, the grounds alleged being cruel treatment and habitual drunkenness. This petition was filed on December 24, 1921. The parties had separated before the suit was brought. Subsequently to the filing of the suit for divorce, upon promises made by the husband that if his wife would go back and live with him he would quit drinking and would no more treat her cruelly but would treat her with kindness and as a husband should treat his wife, she consented to return and did return to him to live with him again as his wife, and the marital relations were resumed. Her return was some time in January or February, 1922. On the 13th day of February, 1922, the husband returned home in a state of intoxication, committed various acts of severe cruelty upon his wife, abusing and cursing her, going so far in his violence as to seize a large knife and threaten to kill her, but she escaped from him, ran into the house, where he pursued her, caught her and almost tore her clothes from her body, pushed her over a trunk and bruised her body. The wife then escaped from her husband again, "left him for good," it is alleged, and proved by undisputed evidence, up to the time of trial of the case. The jury trying the case returned a verdict granting the wife a total divorce. The husband made a motion for a new trial upon the usual general grounds, which was overruled.

It is insisted by plaintiff in error that the fact that the wife returned to his home and resumed marital relations after the suit had been filed in which a divorce and alimony were sought amounted to condonation, and barred her right to proceed with the divorce case to a final verdict. In section 2948 of the Civil Code it is declared: "If there has been a voluntary condonation and cohabitation subsequently to the acts complained of, and with notice thereof, then no divorce shall be granted." The plaintiff in error relies upon this provision in our statute law to sustain his contention. This contention is not sound, as the condonation was conditional. It was based upon a promise

of reformation, of permanently desisting from indulgence in intoxicating liquor, which had led to acts of violence, and a promise not to repeat the acts of cruel treatment. The condition was broken, and in a shocking manner disregarded. The violation of the condition upon which the wife returned to the husband revived the cause of action set forth in the petition as originally filed. In the case of *Odom* v. *Odom, 36 Ga.* 286, it was said: "The 1673 section of the Code declares that, 'If there has been a *voluntary condonation* and cohabitation, subsequent to the acts complained of, and with *notice thereof,* then no divorce shall be granted.' We think that the charge of the court, as given upon the state of facts disclosed by the record, was substantially correct. Condonation is a conditional forgiveness on a *full knowledge* of all antecedent guilt. Bramwell *v.* Bramwell, 5th Eng. Eccl. Rep. 232. After a reconciliation, fresh acts of cruelty will revive acts of cruelty, and also of adultery. Worsley *v.* Worsley, 6th Eng. Eccl. Rep. 249." And in the case of *Ozmore* v. *Ozmore, 41 Ga.* 46, it was said: "But it is replied, that the declaration shows a condonation of this act, and that the parties lived together as husband and wife for months after this cruelty was inflicted. This is true, but the declaration also alleges, that this condonation was on condition that he would never molest nor maltreat her again, and that he afterwards not only cursed and abused her, but that he, without cause, accused her of criminal sexual intercourse with other men; and when she was in an advanced stage of pregnancy by him, and was almost ready to be confined, that he ordered her to leave his house and take her children with her, as he would not work for her and them any longer; and that, becoming alarmed for her personal safety and life, she took her children, left his home and went to her people. If there was a condonation on the condition stated, we hold that those acts were a clear violation of that condition." "If after the condonation the conduct of the husband is such as to revive the condoned acts and give her a right to assert them, she is not debarred from so doing; nor is she prevented from setting up misconduct on his part after the condonation, for the consideration of the jury in determining whether a divorce should be granted." *Davis* v. *Davis,* 134 *Ga.* 804 (68 S. E. 594, 30 L. R. A. (N. S.) 73, 20 Ann. Cas. 20).

The fact that suit was pending at the time of the alleged con-

donation could not in itself have the effect of depriving the petitioner of her right to proceed with the suit and press it to a conclusion after a violation by the husband of the conditions upon which the wife had returned to him and resumed the martial relation. In the case of *McLeod* v. *McLeod,* 144 *Ga.* 359 (87 S. E. 286), it was held that while the cohabitation of the husband and wife after the bringing of the divorce suit may have amounted to condonation and have furnished a good ground of objection to the grant of a final verdict if it had been urged, it could not be said that "the suit had died." The suit was not abated nor in effect dismissed by the mere act of condonation; and under the ruling in the cases first cited above, the violation of the condition upon which the condonation was had revived the cause of action, and the wife, on the trial of the case, could prove the acts which constituted the basis of her suit that occurred both before the alleged condonation and subsequently thereto.

<div align="center">

*Judgment affirmed. All the Justices concur.*