## WEEKS v. WEEKS.

1. If, after the grant of temporary alimony to the wife under the Civil Code (1910), § 2986, the husband and wife thereafter voluntarily cohabit, such subsequent, voluntary cohabitation of the husband and wife annuls and sets aside all provision made by order of the court for such temporary alimony; and upon the motion of the husband to annul and revoke such order upon the ground of such subsequent voluntary cohabitation, and upon proof thereof, the court should revoke such order and relieve the husband from the further payment to the wife of temporary alimony thereunder.

2. The evidence, introduced on the hearing of this motion of the husband to revoke said order upon the above ground, demanded a finding, as against the wife, of such subsequent voluntary cohabitation between her and her husband.

3. On the hearing of the motion by the husband to revoke an order granting to his wife temporary alimony, the wife was an incompetent witness to denial of certain facts testified to by a witness on behalf of the husband, tending to establish the adultery of the wife since the grant of such order. Civil Code (1910), §§ 5041, 5861. It follows that the court erred in permitting the wife to so testify.

4. The trial judge properly held that the husband was incompetent as a witness to testify, on the hearing of said motion, that he had detected the wife in the act of adultery.

No. 4769.    April 20, 1925.

Alimony.   Before Judge Meldrim.   Chatham superior court. January 2, 1925.

On May 27, 1924, Lillian R. Weeks brought her application against her husband, Earl P. Weeks, for temporary and permanent alimony and counsel fees.   On June 2, 1924, the judge awarded the wife fifty dollars per month as temporary alimony and fifty dollars as attorney's fees.   On June 6, 1924, the husband filed his petition for divorce on the ground of cruel treatment.   In answer the wife denied that she had cruelly treated her husband, and further alleged that her husband had forgiven and condoned the alleged acts of cruel treatment, by reason of the fact that since May 24, 1924, the date of separation, alleged in the petition, petitioner and defendant had repeatedly lived and cohabited together as husband and wife, and continue so to do.   On the trial of the divorce case the wife testified that there had been complete condonation of the alleged acts of cruel treatment, and that since the filing of the petition for divorce she and petitioner had lived together as husband and wife.   On December 2, 1924, the divorce case came on for a hearing, and the jury returned a verdict denying a divorce to

24

either party. No motion for a new trial was filed by the husband. On December 11, 1924, the husband moved to vacate the order granting the wife temporary alimony, and to pass an order relieving him from the payment of any further temporary alimony. In answer to this motion the wife alleged, that she and her husband were not living together; that she had actually lived separate and apart from him since prior to the award of temporary alimony, and was then living in a bona fide state of separation, and had so lived since said award; that "she and her husband did cohabit upon occasion," but since their separation had actually lived apart in separate domiciles; and that her husband was a habitual drunkard, and had been guilty of acts of adultery. On the hearing of this motion the petition and answer in the divorce case were introduced. A witness testified, that, at about one o'clock a. m. on June 14, 1924, the wife was seen sitting in the lap of one Jackson in the rear of an automobile on Tybee road, she and Jackson being alone in the car. The wife testified that it was untrue that she was sitting in Jackson's lap, but admitted that she was with him at about 10 o'clock p. m., of the 13th of June, Jackson having taken her out Tybee road to see if she could get a party to stand her bond in a bail-trover proceeding brought by her husband against her to recover her furniture.

When the wife was offered as a witness in her own behalf, counsel for the husband objected to her giving any evidence, upon the ground that, the action being founded upon adultery, she was incompetent to testify in the case. The court overruled this objection, and held that the wife had the right to deny the charges that she was seen sitting in the lap of Jackson. To this ruling the husband excepted. After the wife testified, the husband was offered as a witness in his own behalf. Counsel for the wife objected to the husband being permitted to testify, on the ground that, the action being upon the ground of adultery, the husband was incompetent to testify. The husband, if so permitted, would have testified that he and certain persons found his wife in an automobile parked on the side of Tybee road, that she was sitting on the rear seat in the lap of one Jackson, and that she and Jackson were in the act of committing adultery. The court sustained the objection of counsel for the wife, and refused to permit the husband to testify to said facts. To this ruling the husband excepted. At the conclusion of

the evidence, the court took the case under advisement, and reserved his decision until January 2, 1925, when he passed an order overruling the motion to vacate the judgment granting the wife temporary alimony, and refusing to relieve the husband from further payment of temporary alimony. To this judgment the husband excepted. It appears from a certificate of the clerk of Chatham superior court that the wife dismissed her application for alimony on March 5, 1925.

*Robert L. Colding,* for plaintiff in error.

*Aaron Kravitch* and *L. L. Odom,* contra.

HINES, J. (After stating the foregoing facts.)

1. Temporary alimony was granted to the wife under section 2986 of the Civil Code. To have authorized the grant of this alimony the husband and wife must have been living separately or in a bona fide state of separation. What effect did the subsequent voluntary cohabitation of the husband and wife have upon the judgment awarding the wife this alimony? An order allowing alimony is subject to revision by the court at any time. Civil Code (1910), § 2978. The authority of the court to revoke or modify an order granting temporary alimony is not confined to cases in which there has been a change in the condition or circumstances of the parties since the granting of the order. *Jennison v. Jennison,* 136 *Ga.* 202 (71 S. E. 244, Ann. Cas. 1912C, 441). It follows that the authority of the court to revoke or modify such order is much stronger where the ground on which alimony was granted has ceased to exist. "The subsequent voluntary cohabitation of the husband and wife shall annul and set aside all provision made, either by deed or decree, for permanent alimony." Civil Code (1910), § 2990. So it has been held that "An agreement for a separation will be rescinded, if the parties afterwards cohabit or live together as husband and wife, by mutual consent." *Chapman v. Gray,* 8 *Ga.* 341 (3). Reconciliation of the parties, followed by cohabitation which continues at the time the motion for temporary alimony is heard, will defeat the application. *Fullhart v. Fullhart,* 109 Mo. App. 705 (83 S. W. 541). So if, after such alimony was granted to the wife when she and her husband were living separately or in a bona fide state of separation, which fact alone would have authorized the court to grant this alimony, the wife and husband subsequently and voluntarily cohabited, the

effect of their subsequent voluntary cohabitation would be to annul and set aside all provision made by the order or decree of the court granting the same to the wife. If subsequent voluntary cohabitation of the husband and wife has the effect of annulling and setting aside all provision made by decree for permanent alimony, we see no reason why it would not have the same effect upon an order or decree granting temporary alimony to the wife. The greater would include the lesser.

It has been held that, while it furnishes good ground for not granting a divorce, if urged, condonation does not ipso facto void a divorce. *McLeod* v. *McLeod,* 144 *Ga.* 359 (87 S. E. 286) ; *Harn* v. *Harn,* 155 *Ga.* 502 (117 S. E. 383). Whether, after a wife is granted temporary alimony under section 2986 of the Civil Code, subsequent voluntary cohabitation of the husband and herself will ipso facto annul and set aside provision made by order of the court for permanent alimony, is not now for decision by this court. The husband sought by direct proceeding in the court granting this order to have the same reviewed and revoked, and to have himself relieved from the further payment of temporary alimony to the wife thereunder. What we hold is that such subsequent voluntary cohabitation of the husband and wife authorized and required the court to annul and set aside all provision made by this order for temporary alimony to the wife.

2. The evidence before the judge upon the hearing of the husband's motion to revoke the order granting the wife temporary alimony was such as to demand a finding, as against the wife, that she and her husband had, subsequently to the granting of this order, voluntarily cohabited. This being so, the learned judge erred in not granting an order relieving the husband from the payment of future temporary alimony to the wife under said order.

3. The third and fourth headnotes need no elaboration.

<em>Judgment reversed. All the Justices concur.</em>