POWELL *v.* POWELL; *et vice versa.*

380

Nos. 15392, 15406.   FEBRUARY 21, 1946.

*M. E. O'Neal* and *Vance Custer,* for plaintiff in error.

*H. G. Bell* and *A. B. Conger,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The order excepted to, properly construed, was not an attempt to modify the order allowing temporary alimony, but was in substance a ruling by the trial judge upon the legal effect of the

period for which under the original order the wife would be entitled to the allowance of temporary alimony; the court "being of the opinion" that the right would extend only until the rendition of a verdict by the jury on the question of permanent alimony.

A similar question was before this court in the recent case of *Aud* v. *Aud*, 199 *Ga.* 714 (35 S. E. 2d, 198), which involved a contempt proceeding for the nonpayment of temporary alimony pending a review of a judgment on a verdict denying permanent alimony, where the husband had paid the temporary alimony until the verdict denying the wife's claim for permanent alimony. The judge had not revoked his order for the payment of temporary alimony pending the review, and the question there presented was whether the wife was entitled to temporary alimony during the period that occurred after verdict in the permanent alimony case and until the judge dismissed the proceeding for contempt, which latter event was after the verdict of the jury but prior to the affirmance of the judgment denying permanent alimony. This court in an opinion reversing the trial judge held that the judgment in favor of the wife for temporary alimony remained operative and in the breast of the court at least until the judge dismissed the proceeding for contempt.

The grant or refusal of temporary alimony is a question for the court; that of permanent alimony is for the jury to determine. Where a judge, in the exercise of his discretion, has fixed and allowed temporary alimony pending the cause for divorce and alimony or for permanent alimony, the right to the amount allowed becomes absolute until the final determination of the cause, unless in the meantime the allowance be revoked or modified by the judge. *Gibson* v. *Patterson*, 75 *Ga.* 549 (2). "A judgment cannot be treated as final so long as either of the parties thereto had the right to have the same reviewed by the Supreme Court; and if it is so reviewed, it is not final until their judgment is made the judgment of the trial court." *Twilley* v. *Twilley*, 195 *Ga.* 297 (24 S. E. 2d, 46). "Temporary alimony, pending an action for permanent alimony, does not cease with the verdict and judgment in the superior court, where the case is brought to the Supreme Court, but continues (within the discretion of the court) until the termination of the litigation in all the courts." *Holleman* v. *Holleman*, 69 *Ga.* 676.

Therefore the assignment of error in the main bill of exceptions—to wit, that the judgment of the court was contrary to law because temporary alimony was allowed during the pendency of the cause and the order allowing the same was affirmed by the Supreme Court and never modified by the trial court and accordingly continued until the final disposition of the main case by the Supreme Court on September 9, 1945, is well taken, and a reversal is required.

■ The husband, by cross-bill of exceptions, assigns error on the same judgment on the ground that it was illegal and erroneous because it was contrary to law. A controlling question is whether the judgment awarding temporary alimony, which on exception by the husband was affirmed by this court, is conclusive in so far. as the validity of that judgment is concerned in the subsequent proceeding for contempt between the same parties.

"Under the doctrine of res judicata, 'a judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside.' Code, § 110-501. A somewhat different rule applies in regard to the doctrine of estoppel by judgment, since the latter doctrine has reference to previous litigation between the same parties, based upon a different cause of action. In the latter case there is an estoppel by judgment only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered, or as to such matters within the scope of the pleadings as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined. . . Under both rules, in order for the former decision to be conclusive, it must have been based, not merely on purely technical grounds, but at least in part on the merits where under the pleadings they were or could have been involved. Code, §§ 110-503, 110-504." *Sumner* v. *Sumner,* 186 *Ga.* 390 (2) (197 S. E. 833), and cit.; *Anderson* v. *Black,* 199 *Ga.* 59 (33 S. E. 2d, 298, 158 A. L. R. 354) ; *Thompson* v. *Thompson,* 199 *Ga.* 692 (35 S. E. 2d, 262).

The husband in the instant case was not estopped under the doctrine of res judicata, for the reason that, while the original judgment allowing temporary alimony was rendered in previous litiga-

tion between the same parties, it was based upon a different cause of action from the subsequent proceeding for contempt. However, the question presented in the husband's response to the contempt proceeding, to wit, whether R. F. Powell was the lawful husband of Josephine Grimes Powell, was necessarily within the scope of the previous pleadings seeking temporary alimony, and was actually adjudicated, in so far as the validity of the judgment allowing temporary alimony was concerned, since no judgment for temporary alimony could have been rendered in the absence of pleadings and evidence that showed the parties to be husband and wife.

Powell having previously, in the temporary alimony proceedings, contended that he was not subject to a judgment therefor because he had made a final alimony settlement by contract with Josephine Grimes Powell, it follows that, under the doctrine of estoppel by judgment, he was concluded in the subsequent contempt proceeding from contending that the judgment awarding temporary alimony was void because he was never the lawful husband of Mrs. Powell for the alleged reason that at the time of his marriage to her he was the husband of another woman.

The order allowing additional attorneys' fees was appropriate and authorized under the reservation in the order passed prior to the trial of the permanent alimony case, wherein the judge on being apprised of the facts involved expressly deferred his ruling upon the question of additional fees until after the trial of the alimony cause, but before the entry of a final judgment.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*