### DEMPSEY *v.* DEMPSEY.

BELL, Justice. 1. No suitor may prosecute two actions in the courts at the same time, for the same cause, and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former shall be a good defense to the latter, if commenced at different times. Code, § 3-601.

2. Permanent alimony shall be granted in the following cases: 1. In cases of divorce, as considered in Chapter 30-1. 2. In cases of voluntary separation. 3. Where the wife, against her will, shall be either abandoned or driven off by her husband. Code, § 30-210.

3. Where a husband filed a suit in the Superior Court of DeKalb County in 1942, seeking a divorce from his wife on the alleged ground of cruelty, to which suit she filed an answer and cross-action denying the alleged acts of cruelty, and averring further, in effect, that he had abandoned her and their two minor children, and spent the greater portion of his time with a low class of women, one in particular being named, and failed to provide support either for his wife or their children, and where upon such cross-petition the court ordered payment of a stated sum weekly as temporary alimony—the cause of action upon which the wife relied in such case was different from that alleged by her in a subsequent suit, which she filed in Fulton County in 1947, for permanent and temporary alimony and attorney's fees, wherein she alleged that, after reconciliation and resumed cohabitation, he was again guilty of neglect and misconduct, culminating in a statement that he was through with her and did not intend to live with her any longer, and by his conduct she was driven from home; the cause of action as thus alleged in the second suit being based upon a second and different separation, following renewed cohabitation, and resulting, according to the allegations, from new acts of misconduct on his part. Accordingly, the suit brought by the wife in Fulton County for alimony and attorney's fees was not subject to abatement under the Code, § 3-601, supra, because of pendency of the suit for divorce and cross-action in DeKalb County. *Mosley* v. *Mosley*, 181 *Ga.* 543 (2) (182 S. E. 849).

4. Nor would the present suit be subject to abatement under the provisions of Code, § 30-213, that "such proceeding [a suit for alimony alone] shall be in abeyance when a petition for divorce shall be filed bona fide by either party, and the judge presiding shall have made his order on the motion for alimony," as construed and applied in *Wallace* v. *Wallace*, 157 *Ga.* 897 (122 S. E. 594). It did not appear in that case that, during the interim between the times of instituting the two actions, the husband and wife had resumed cohabitation, and had thereafter separated again so as to give rise to a new cause of action for alimony under the Code, § 30-210, supra. For the same reason, the present case is also distinguished by its facts from *Goodrum* v. *Goodrum*, 202 *Ga.* 135 (42 S. E. 2d, 450). See, in this connection, *Evans* v. *Evans*, 191 *Ga.* 752 (14 S. E. 2d, 95); *Allen* v. *Allen*, 194 *Ga.* 591 (22 S. E. 2d, 136).

5. Under the preceding rulings, the order allowing temporary alimony and attorney's fees in the action in Fulton County was not erroneous, as contended, on the ground that there was another suit pending based upon the same cause of action, as alleged in the plea in abatement. For the same reason, it was not erroneous to overrule and deny the motion for a rehearing as filed in the trial court.

(a) While the defendant in his motion for rehearing alleged that at no time since the filing of the original suit in DeKalb County in 1942 had there been a reconciliation or cohabitation between the parties, the judgment attacked in this motion stated that "there was oral testimony that after the suit for divorce and alimony was filed in DeKalb County the parties resumed cohabitation and lived together as husband and wife, and that this action was instituted after a subsequent separation," which statement in the judgment must be taken as true as against the mere allegation to the contrary in the motion for rehearing, no evidence in support thereof having been introduced, so far as appears.

6. Since in any view of other questions the rulings made above would require an affirmance of the judgment—whether or not it should be affirmed for other and additional reasons need not be determined. But see *Bland* v. *Bird*, 134 *Ga.* 74 (2b) (67 S. E. 427); *Thomas* v. *Thomas*, 145 *Ga.* 111 (2) (88 S. E. 584); *Jones* v. *Jones*, 178 *Ga.* 710 (3) (174 S. E. 338); *Moody* v. *Moody*, 193 *Ga.* 699 (5) (19 S. E. 2d, 504). As to the status of the former suit and judgment for temporary alimony after reconciliation and renewed cohabitation, see *Harn* v. *Harn*, 155 *Ga.* 502 (117 S. E. 383); *Weeks* v. *Weeks*, 160 *Ga.* 396 (127 S. E. 772); *Hamby* v. *Pye*, 195 *Ga.* 366 (1) (24 S. E. 2d, 201).

*Judgment affirmed. All the Justices concur, except Duckworth, P. J., absent on account of illness, and Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16028. JANUARY 9, 1948.

228

230

*Vester M. Ownby,* for plaintiff in error.
*Noah J. Stone,* contra.