### BREWER *v.* BREWER.

WYATT, Justice. 1. Condonation and cohabitation after filing a suit for divorce, if conditioned upon the promise of the defendant not to again be guilty of the acts charged in the petition, will not prevent the plaintiff from proceeding with the original petition for divorce in the event of a breach of the condition and agreement on the part of the defendant. *Ozmore* v. *Ozmore*, 41 *Ga.* 46; *Stanley* v. *Stanley*, 178 *Ga.* 814 (174 S. E. 531).

2. In this case the trial judge was authorized to find from the evidence of the plaintiff that the agreement on the part of the defendant not to again be guilty of the acts of cruelty charged in the petition was made prior to any cohabitation or condonation after the suit was filed.

3. The Superior Court of Fulton County had jurisdiction of the parties and subject-matter at the time the suit was filed and served. The fact that the parties may have moved out of the State of Georgia after the suit was filed and served would not cause the Fulton Superior Court

to lose jurisdiction of the case then pending in that court. "It could not be said that the suit had died. The suit was not abated nor in effect dismissed by the mere act of condonation." *Harn* v. *Harn,* 155 *Ga.* 502 (117 S. E. 383).

*Judgment affirmed. All the Justices concur.*

No. 16747. SEPTEMBER 14, 1949.

*Dunaway, Riley & Howard,* for plaintiff in error.
*Young H. Fraser* and *William S. Shelfer,* contra.