## HAGAN *v.* HAGAN.

No. 17526. ARGUED JULY 9, 1951—DECIDED SEPTEMBER 10, 1951.

*Bell & Bell,* for plaintiff in error.

*Frank G. Wilson* and *Carl M. Story,* contra.

HEAD, Justice. ■ We recognize the well-established rule that condonation of cruel treatment or other grounds for divorce upon the condition that the acts complained of will not be repeated, will not prevent a divorce petition previously filed from proceeding to final judgment in favor of the complaining party, where the acts constituting grounds for divorce are repeated subsequently to the conditional condonation. *Ozmore* v. *Ozmore,* 41 *Ga.* 46; *Harn* v. *Harn,* 155 *Ga.* 502 (117 S. E. 383); *Brewer* v. *Brewer,* 205 *Ga.* 759 (55 S. E. 2d, 147). This rule, however, is not applicable in the present case.

The reconciliation and subsequent cohabitation of the parties

terminated the husband's action for divorce based on the alleged wilful desertion of the husband by the wife. While desertion and cruel treatment may be joined as grounds for divorce (*Carawan* v. *Carawan*, 203 *Ga.* 326, 46 S. E. 2d, 588), the husband's petition was based solely upon an alleged wilful desertion of the husband by the wife. Under the allegations of the wife's cross-action, the husband had established his legal residence, after filing his divorce petition, in another county. The husband's divorce action having been terminated by the reconciliation and cohabitation of the parties prior to the filing of the cross-action by the wife, the court did not again acquire jurisdiction of the husband by reason of the allegations in the wife's cross-action that the reconciliation was conditional on the husband not repeating acts of cruel treatment.

■ Whether or not the legal objections filed to the cross-petition of the wife were filed at the time or in the manner directed by law is not material. The pleadings presented a question involving the jurisdiction of the court. From the allegations of the cross-action it conclusively appears that the court was without jurisdiction, since the wife alleged that, subsequently to the filing of his petition for divorce, the husband had become a resident of Glynn County, Georgia, and that there had been a reconciliation and cohabitation by the parties prior to her cross-action for divorce and alimony.

The constitutional provisions fixing the jurisdiction of divorce actions are mandatory. A lack of jurisdiction will render the divorce decree null and void. *Moody* v. *Moody*, 195 *Ga.* 13, 14 (22 S. E. 2d, 836); *Darbie* v. *Darbie*, 195 *Ga.* 769 (25 S. E. 2d, 685); *Gates* v. *Gates*, 197 *Ga.* 11, 17 (28 S. E. 2d, 108).

The trial court properly dismissed the cross-action of the wife for divorce and alimony.

*Judgment affirmed. All the Justices concur.*