# HAGAN v. HAGAN.

HEAD, Justice. 1. The present action is not a case where the wife alleged jurisdiction of the court, and temporary alimony was awarded to enable the wife to contest the husband's plea to the jurisdiction, within the rule stated in *Carnes* v. *Carnes,* 138 *Ga.* 1 (74 S. E. 785), *Legg* v. *Legg,* 150 *Ga.* 133 (102 S. E. 829), *LaFitte* v. *LaFitte,* 171 *Ga.* 404, (155 S. E. 521), and similar cases. In the present case the attachment for contempt did not issue until after a final judgment by this court affirming the judgment of the trial court in dismissing the wife's cross-action for want of jurisdiction.

2. A judgment of a court without jurisdiction of the parties is void and may be attacked at any time and in any court where such judgment is attempted to be enforced. Code, §§ 110-701, 110-709; *Parish* v. *Parish,* 32 *Ga.* 653; *Franklin County* v. *Crow,* 128 *Ga.* 458 (57 S. E. 784); *Schulze* v. *Schulze,* 149 *Ga.* 532 (101 S. E. 183); *Foster* v. *Foster,* 207 *Ga.* 519, 523 (63 S. E. 2d, 318).

3. An award of temporary alimony by a court not having jurisdiction of the parties, or void for any other cause, can not be made the basis of a valid proceeding for contempt. *Allen* v. *Baker,* 188 *Ga.* 696 (4 S. E. 2d, 642); *Strickland* v. *Strickland,* 201 *Ga.* 293, 298 (39 S. E. 2d, 483); *Swindell* v. *Swindell,* 208 *Ga.* 727 (69 S. E. 2d, 197).

4. The trial court erred in adjudging the defendant in contempt.

*Judgment reversed. All the Justices concur, except Wyatt and Almand, JJ., who dissent, and Atkinson, P.J., not participating.*

No. 17854. SUBMITTED MAY 12, 1952—DECIDED SEPTEMBER 2, 1952.

*Thomas A. Jacobs* and *Frank G. Wilson,* for plaintiff in error. *Bell & Bell,* contra.

ALMAND, Justice, dissenting. One of the purposes of granting temporary alimony to a wife pending the husband's action for a divorce is to assist her financially in paying expenses of the litigation. Code, § 30-202. Temporary alimony, when once granted, unless terminated by the court granting the order, continues as long as the cause pends. "The cause is pending just as long as it is litigated, whether in the superior court or in this court." *Holleman* v. *Holleman,* 69 *Ga.* 676, 677; *Powell* v. *Powell,* 200 *Ga.* 379 (1) (37 S. E. 2d, 191). An order for temporary alimony is not void, though the husband pleads that the court has no jurisdiction over him. *LaFitte* v. *LaFitte,* 171 *Ga.* 404 (155 S. E. 521).

In the instant case the husband filed a suit for divorce in Bibb Superior Court on September 20, 1948, on the ground of desertion. On October 20, 1950, the wife filed a cross-petition, alleging a reconciliation after the filing of the husband's suit and a subsequent separation, and prayed for a divorce and alimony temporary and permanent. On February 13, 1951, the wife amended her cross-petition, alleging that the husband was a resident of Glynn County. On March 9, 1951, the court awarded to the wife temporary alimony and attorney's fees. On the same date the husband filed a demurrer to the cross-petition, asserting that the cross-petition shows on its face that the venue was not in Bibb County, and also on the same day he filed a special plea in bar, alleging that after the filing of the divorce suit there was a reconciliation, after which the parties resided

in Glynn County, and that he was a resident of that county. The wife filed a motion to dismiss the husband's demurrer and plea to the jurisdiction. This motion was denied. On April 25, 1951, the wife amended her cross-action, setting up that the reconciliation and cohabitation after the filing of the divorce suit were conditional, and that the husband failed to abide by the conditions. On April 26, 1951, the court entered an order reciting that it was without jurisdiction, and dismissed the cross-action, which order was affirmed by this court. *Hagan* v. *Hagan*, 208 *Ga*. 315 (66 S. E. 2d, 714). Thereafter the wife filed her rule for contempt. The husband defended on the ground that the temporary alimony ceased as of April 26, 1951, when the trial court held that it was without jurisdiction and dismissed the cross-action. The trial court held the husband in contempt for failure to pay the alimony between April 26, 1951, and the date of the final judgment in this court on the wife's appeal. The invalidity of the temporary alimony was not involved in the case when it was here before, and that decision is not controlling. The question now simply is this: Was there a case for divorce pending in the lower court between the time the order was entered striking the wife's cross-action and the date that order was affirmed by this court, so as to support the continuance of the order for alimony during this period? "A judgment can not be treated as final so long as either of the parties thereto had the right to have the same reviewed by the Supreme Court; and if it is so reviewed, it is not final until their judgment is made the judgment of the trial court." *Twilley* v. *Twilley*, 195 *Ga*. 297, 298 (24 S. E. 2d, 46). So, where temporary alimony has been awarded, and subsequently the wife's prayer for permanent alimony is denied and her motion for a new trial is overruled, there being no further order as to temporary alimony, the husband is obligated to pay the temporary alimony between the date of the verdict and the date of the final judgment of affirmance in this court. *Aud* v. *Aud*, 199 *Ga*. 714 (2) (35 S. E. 2d, 198) ; *Powell* v. *Powell*, 200 *Ga*. 379, supra, (1).

In the instant case, the husband's suit for divorce was pending at the time the order granting temporary alimony was entered, and it was pending at the time the orders reviewed in 208 *Ga*. 315, supra, were entered, and was pending at the time the judg-

ment of affirmance was entered. In that action, the court had jurisdiction over the parties and the cause of action. This suit was not abated, nor in effect dismissed, because the parties resumed cohabitation. *Harn* v. *Harn*, 155 *Ga.* 502 (117 S. E. 383). The fact that the husband, after filing the suit, removed his residence to Glynn County, did not cause the Superior Court of Bibb County to lose jurisdiction of this pending action. *Brewer* v. *Brewer*, 205 *Ga.* 759 (3) (55 S. E. 2d, 147). In the last-cited case, the wife filed a petition for divorce and alimony in Fulton Superior Court, on the ground of cruel treatment. Subsequently, she amended her petition by alleging that she and the defendant, who is *"now a resident of Florida"* (italics mine), resumed cohabitation on condition that the husband would not repeat specified acts, which promise he failed to comply with. The defendant demurred to the petition on the ground that the petition showed on its face that the court did not have jurisdiction of the subject-matter or the parties. This demurrer was overruled. There was no exception to this ruling, but to the order granting alimony the husband filed a bill of exceptions, assigning error on the ground that the court could not lawfully enter an order for temporary alimony or attorney's fees because the evidence showed without dispute that the husband had established his legal residence in Florida. This court held that there was no error in awarding alimony and attorney's fees.

The husband's action in the instant case could not be said to be void ab initio, as in *Jones* v. *Jones*, 181 *Ga.* 747 (184 S. E. 271), where there was a total want of jurisdiction over the parties as of the beginning of the suit. In view of the husband's pending action for divorce, under no circumstances could it be said that the order granting temporary alimony was void ab initio. The wife having obtained a supersedeas of the order dismissing her answer and cross-action, the husband was obligated to continue payments of the temporary alimony until the judgment superseded was affirmed by this court. The trial judge correctly held the husband in contempt for failure to pay alimony during this period, and his order should be affirmed.

I am authorized to say that Wyatt, J., joins in this dissent.