21955. WALTON v. WALTON.

CANDLER, Justice. On September 7, 1961, Leon Scrubb Walton sued his wife Shirley Jeanette Walton in the Superior Court of DeKalb County, Georgia, for divorce, custody of their minor child and for certain injunctive relief. They later reconciled their differences, renewed cohabitation, moved to Louisiana and another child was born to them. While residing in Louisiana, they separted again, and on June 13, 1962, she brought an action against him in that state in which she prayed for a decree of separation from bed and board, for alimony, for custody of their minor children and for certain injunctive relief. The decree in that proceeding granted her a separation from bed and board, awarded her $550 per month as alimony for herself and $100 per month for the support of their minor children, and gave her permanent care, custody and control of their children subject to specified visitation

rights of the defendant. Following that decree, they equally divided their community property and each conveyed to the other her and his respective part thereof. Mrs. Walton then returned to DeKalb County and she and her husband again reconciled their differences, renewed cohabitation, and lived together as husband and wife in that county until they separated again on November 2, 1962. After that separation, she answered the petition which he had during 1961 filed against her in DeKalb County and denied its allegations of cruel treatment. She also filed a cross-petition in which she alleged that he had, since the date of their last reconciliation, cruelly mistreated her in many specified ways. She prayed for divorce, for alimony, for exclusive custody of their children and for an injunction restraining him from molesting or physically injuring her in any way, interfering with her custody of their children and also from disposing of or encumbering his property. She attached to her answer and cross-petition a duly authenticated copy of the suit she had filed against him in Louisiana, including the decree rendered therein. Her husband was personally served in DeKalb County on November 3, 1962, with a copy of her answer, cross-petition and a rule nisi. He filed a motion to dismiss her answer and cross-petition on the ground that the cause of action therein declared on had been adjudicated by the decree she obtained in Louisiana and that the decree rendered in Louisiana effectively barred her right to prosecute her so-called answer and cross-petition for any of the relief sought thereby. The judge dismissed the petition which her husband had filed against her in DeKalb County for divorce and other relief during 1961. He also dismissed the answer and cross-petition which she filed in that proceeding. She excepted to the judgment dismissing her answer and cross-petition. *Held:*

Under the unanimous ruling of this court in *Hagan v. Hagan*, 208 Ga. 315 (66 SE2d 714), the defendant's answer and cross-action did not revive the action which Walton filed against her in DeKalb County during 1961. If Mrs. Walton had a cause of action for any of the relief sought in her cross-action, she should have filed a proper suit against him therefor; and this is true for the reason that the allegations of her cross-action affirmatively show that she predicates her right to all of the relief sought in her cross-action on wrongful acts allegedly committed by Walton since the Louisiana decree

she obtained against him was rendered and since the date of their last reconciliation and renewal of cohabitation. Hence, we hold that the judgment complained of is not erroneous. See, in this connection, *Dempsey v. Dempsey*, 203 Ga. 225 (46 SE2d 156).

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 11, 1963—DECIDED MARCH 25, 1963.

*Llop & Long*, for plaintiff in error.
*John E. Feagin, Thomas H. Fowler, Jr.*, contra.