## 22278.  CLANCE v. CLANCE.

CANDLER, Justice.  On April 29, 1963, Mrs. Clance sued her husband Herman Edgar Clance, Jr. in the Superior Court of Whitfield County for divorce, alimony and custody of their minor child, alleging cruel treatment as her ground therefor. Three days later they reconciled their differences, renewed cohabitation and lived together as husband and wife until July 20, 1963, when they again separated.  The defendant filed an answer to her petition on August 7, 1963, in which he denied the acts of cruelty alleged therein.  He also filed a cross petition in which he alleged that Mrs. Clance had inflicted extreme mental cruelty on him, the character and nature of which he would show on the trial of the case.  He prayed for a divorce and for custody of their minor child. On August 26, 1963, Mrs. Clance voluntarily dismissed her petition and filed a motion to dismiss her husband's cross action.  Her motion was overruled and there is an exception to that judgment.  On August 27, 1963, custody of the minor child was temporarily awarded to the father and to the mother for specified but separate periods of time and the father was ordered to pay the mother $10 per week for support of the child while in her custody.  Mrs. Clance excepted to that judgment.  *Held:*

Under the unanimous decisions of this court in *Hagan v. Hagan,* 208 Ga. 315 (1) (66 SE2d 714) ; and *Walton v. Walton,* 218 Ga. 737 (130 SE2d 593), the suit which Mrs. Clance brought against her husband on April 29, 1963, terminated when they subsequently reconciled their differences and renewed cohabitation and her suit was not revived by the answer and cross action her husband filed on August 7, 1963.  If Clance, at the time of filing his cross action, had a cause of action

against his wife for the relief sought thereby, he should have filed a proper suit against her therefor. In these circumstances we hold that the defendant's cross action was not maintainable and should have been dismissed by the court and that the custody order which was granted after the case had so terminated is nugatory. The motion to dismiss the writ of error for want of a proper assignment of error is denied.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 13, 1964—DECIDED JANUARY 22, 1964.

*McDonald, Longley & McDonald,* for plaintiff in error.
*Mitchell & Mitchell, Erwin Mitchell,* contra.