## 33402. LINDSAY v. LINDSAY.

JORDAN, Justice.

This appeal by the husband in a divorce action is from an order refusing to dismiss the action, and granting temporary alimony and child support.

In January, 1976, the wife filed a petition for divorce in Madison County, alleging that the marriage was irretrievably broken. On November 19, 1976, a temporary order was entered granting temporary alimony and child support. The wife filed an amendment to her petition in November, 1977, alleging that since the filing of her petition in January, 1976, she and her husband, hoping to reconcile their differences, have lived together as husband and wife, but that it has become impossible to live with him and the marriage is irretrievably broken. Rule nisi was issued on this amendment.

The husband filed a motion to dismiss, contending that he is a resident of Clarke County, and Madison County is not the proper venue for any action against him; and that there is no case pending upon which a motion to show cause can be filed.

The evidence at the hearing showed without dispute that the parties reconciled and lived together after the petition was filed in January, 1976, and after the first temporary alimony order was entered in November, 1976. The husband moved to Clarke County and the wife lived with him there prior to their last separation. She testified that she went back to live with him, "thinking that we could make it," but that he was mentally cruel to her; that she instructed her attorney to dismiss the divorce action before she went back to live with her husband.

On the evidence presented at the hearing the trial

judge should have dismissed the divorce action.

This case is distinguishable from those in which a petition for divorce is brought on the ground of cruel treatment, the parties reconcile on the condition that the offending party not repeat the acts of cruelty, and the acts of cruelty are repeated after renewed cohabitation, reviving the action. See *Harn v. Harn,* 155 Ga. 502 (117 SE 383) (1923); *Bruce v. Bruce,* 195 Ga. 868 (1) (25 SE2d 654) (1943); *Brewer v. Brewer,* 205 Ga. 759 (55 SE2d 147) (1949).

In the present case the reconciliation and cohabitation of the parties terminated the wife's action for divorce based on the allegation that the marriage was irretrievably broken. This is a "no fault" ground, and there can be no reconciliation on condition applicable to it, the breach of which condition would revive the action for divorce. The husband established his legal residence in another county. The wife's present pleading alleging that the marriage is irretrievably broken is a new claim and she must file it in the county of his residence. Compare *Hagan v. Hagan,* 208 Ga. 315 (66 SE2d 714) (1951); *Walton v. Walton,* 218 Ga. 737 (130 SE2d 593) (1963); *Clance v. Clance,* 219 Ga. 584 (134 SE2d 809) (1964).

The trial judge erred in refusing to dismiss the wife's divorce action, and in granting temporary alimony and child support.

*Judgment reversed. All the Justices concur, except Hill, J., who concurs in the judgment only, and Undercofler, P. J., and Hall, J., who dissent.*

SUBMITTED MARCH 15, 1978 — DECIDED APRIL 4, 1978.

*Gerard & Matthews, William T. Gerard,* for appellant.