## 33479. WOODS v. WOODS.

PER CURIAM.

Julie Anne Woods appeals the grant of a divorce on the irretrievably broken ground on the basis that the trial court erred in overruling her defense of condonation. We reverse.

The wife raised condonation as a defense to her husband's divorce petition. "Condonation is the forgiveness, either express or implied, by one spouse of the other, for a breach of marital duty, with an implied condition that the conduct will not be repeated." *Brinson v. Brinson,* 201 Ga. 540 (2) (40 SE2d 535) (1946). The wife claims, and the husband admits, that he lived with her for a week in December, 1976, while on Christmas leave, after having filed for the divorce in November. In his petition, he alleged that the marriage was irretrievably broken; she denied this contention in her answer. See generally, *Dickson v. Dickson,* 238 Ga. 672 (235 SE2d 479) (1977).

In *Lindsay v. Lindsay,* 241 Ga. 166 (1978), this court held that "the reconciliation and cohabitation of the parties terminated the . . . action for divorce. . . This is a 'no fault' ground, and *there can be no reconciliation on condition applicable to it, the breach of which condition would revive the action for divorce.*" (Emphasis supplied.) Therefore, the husband's claim for divorce in this case was terminated when he subsequently cohabited with his wife. The trial court erred in failing to grant the wife's motion for a directed verdict.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., Hall and Hill, JJ., who dissent.*

SUBMITTED APRIL 14, 1978 — DECIDED MAY 17, 1978 — REHEARING DENIED JUNE 9, 1978.

*W. E. Lockette, Rachael G. Henderson,* for appellant.
*Saliba & Newsom, George M. Saliba,* for appellee.

HILL, Justice, dissenting.

The per curiam opinion quotes *Lindsay v. Lindsay,*

supra, which goes on to say that after a reconciliation a new action for divorce, alleging that the marriage is irretrievably broken *again,* must be filed. Hence, the husband here can refile his complaint for divorce. Unlike *Lindsay,* supra, the refiled complaint here will be in the same court.

No one gains by requiring a new complaint to be prepared and filed in the same court. It is true that the wife and her attorney have delayed the inevitable and can claim victory in the first play of this engagement. But the judicial system exists to resolve disputes, that is, to end them, not to provide an arena, umpire and scorekeeper for a playoff series.

The public is justifiably put out with legal games such as the per curiam's "Go back, you didn't say 'May I?' " and I am too.