RYDER, Judge.
Roswell Merritt appeals the dismissal of his petition for dissolution of marriage alleging that he met the statutory jurisdictional requirements at the time of the filing of his petition and need not show subsequent continuing Florida domicile. We agree and reverse.
Appellant resided in Florida for one year before filing his petition and provided the requisite proof of residency. Nearly a year after filing the petition, but before the final hearing, appellant left Florida to become a resident of California. The trial court found the subsequent abandonment of Florida domicile to defeat jurisdiction to decide the merits of the petition and dismissed the petition.
Florida courts have apparently not addressed this exact question before, but the courts of other states have resolved the issue. Generally, change of domicile by the party seeking a divorce during thé penden-cy of the litigation does not divest a court of jurisdiction. Baker v. Baker, 166 Conn. 476, 352 A.2d 277 (1974); Brewer v. Brewer, 205 Ga. 759, 55 S.E.2d 147 (1949); Hawkins v. Hawkins, 462 S.W.2d 818 (Mo.App.1970). This result gains further weight from general textual material. See The Florida Bar Continuing Legal Education, Florida Family Law § 20.4 (1972); 24 Am.Jur.2d Divorce and Separation § 256 (1966); Cases cited in Annotation, Effect on Jurisdiction of Court to Grant Divorce, of Plaintiff’s Change of Residence Pendente Lite, 7 A.L.R.2d 1414 (1949).
Additionally, we note that there is no common law right to divorce; the action is entirely dependent on statute. See Cases cited in 24 Am.Jur.2d Divorce and Separation § 240 (1966). The only jurisdictional requirement imposed by statute in Florida is that contained in Section 61.021, Florida Statutes (1977). Appellant met that requirement by showing residency for the six month period. A showing of residency sufficient to meet the statutory requirement satisfies the jurisdictional question so that petitioner may obtain recognition of the judgment in other states under the full faith and credit clause of the United States Constitution. Shiffman v. Askew, 359 F.Supp. 1225 (M.D.Fla.1973), aff’d sub nom., Makres v. Askew, 500 F.2d 577 (5th Cir.1974); Caizza v. Caizza, 291 So.2d 569 (Fla. 1974), cert. denied, 420 U.S. 907, 95 S.Ct. 825, 42 L.Ed.2d 836 (1975). Since the statutory requirement was met, the lower court erred by considering other aspects of appellant’s domicile.
We hold that a showing of the statutory residency requirement at the time of filing the petition provides the court with jurisdiction. A later change of domicile of the petitioner before the final hearing does not divest the court of jurisdiction. Cf. Ramsey v. Lovett, 89 So.2d 669 (Fla.1956); 1 J. Pomeroy, Equity Jurisprudence § 181 (1905); Cases cited in Annotation, 7 A.L. R.2d 1414 (1949).
REVERSED and REMANDED for further proceedings consistent with this opinion.
HOBSON, Acting C. J., and OTT, J., concur.