## 36032. JOINER v. JOINER.

CLARKE, Justice.

The interlocutory appeal before the court in this case raises the question of whether cohabitation by parties to a divorce action has the effect of nullifying the pending case. The husband urges an affirmative answer to the question while the wife contends that the cohabitation occurred only because she was fraudulently enticed into the relationship by the husband for the purpose of securing a more favorable venue for the divorce action.

The divorce complaint alleging the marriage was irretrievably broken was filed in Cobb County, Georgia, and a temporary order for child support was entered in the superior court of that county. The wife later went to Jenkins County, Georgia, where the husband was then living and cohabited with him for a period of approximately fourteen days. Uncontradicted evidence at a hearing in Cobb Superior Court indicated the husband had stated to the wife that his only reason for enticing her to Jenkins County was to obtain his child and to divorce her in his home county. There was also evidence that during the period of cohabitation, the husband beat the wife, threatened her life and forced her to flee from the home leaving the child behind. It was after these acts that the wife brought her citation for contempt alleging wilful disobedience of the court's temporary order. The husband moved to dismiss the divorce complaint and the contempt citation on the grounds that there had been a reconciliation and resumption of the marital state. The court denied his motion and found him in contempt.

The sole question before the court here is whether the cohabitation in this case rendered the divorce proceedings in Cobb County a nullity. We conclude that it did not.

In *Lindsay v. Lindsay,* 241 Ga. 166 (244 SE2d 8) (1978), we held that in a case in which a complaint for divorce is brought upon the ground that the marriage was irretrievably broken, subsequent reconciliation and cohabitation of the parties terminated the action for divorce. The court found that the trial judge erred in refusing to dismiss the divorce action and in granting temporary alimony and child support. In *Woods v. Woods,* 241 Ga. 393 (245 SE2d 651) (1978), this court again held that there could be no "reconciliation on condition applicable to it, the breach of which condition would revive the action for divorce." Id., quoting *Lindsay v. Lindsay,* supra. The dissent in *Woods* criticized the application of the *Lindsay* rule to a situation in which a complaint could be filed anew in the court in which the original petition had been brought, labelling the

requirement for a new complaint a "legal game."[1]

The extension of the rule of *Lindsay v. Lindsay,* supra, to the circumstances in this case cannot be justified. The *Lindsay* holding is based on the premise that the allegation of an irretrievably broken marriage is demonstrably false if the parties have resumed cohabitation or have reconciled for any period. The very fact of cohabitation or reconciliation shows that some possibility remains that the marriage is viable. Further, the state's interest in the stability of the home is so strong that even where the reconciliation is subject to a condition, breach of that condition will not revive the original divorce action. Rather, the parties are required to once again affirm that the marriage is indeed irretrievably broken by the bringing of a new complaint.

In the case at hand, the fact that the marriage was irretrievably broken and remains so was underscored by the failed reconciliation. We need not reach the question of whether the *Lindsay* rule would apply had both parties approached the reconciliation in good faith because the uncontradicted evidence of wife at the hearing was that husband never intended a reconciliation but, rather, planned to trick wife into cohabitation in order to defeat her Cobb County action. The *Lindsay* rule presupposes that cohabitation was entered into freely and voluntarily. The physical resumption of marital relations is not the factor which nullifies the divorce petition. That factor is, rather, the indication provided by the cohabitation that the marriage is not, after all, irretrievably broken. If one party does not embark upon the reconciliation in good faith, the reconciliation cannot amount to evidence of some hope for the marriage. Cf. *Hill v. Guest,* 216 Ga. 679 (119 SE2d 19) (1969). There is uncontradicted evidence of bad faith on the part of husband, and he cannot be allowed to benefit from his misdeed. Therefore, the divorce action, including the temporary order upon which the finding that husband was in wilful contempt is based, remains viable.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 7, 1980 — DECIDED JUNE 25, 1980.

*Sams, Glover, Gentry & Adams, A. Harris Adams,* for appellant.

---

[1]In the case at hand, dismissal of the original complaint would force wife to bring the action anew, if at all, in husband's home county of Jenkins County.

*William A. Wehunt,* for appellee.