## DUXSTAD v. DUXSTAD.

Divorce—Jurisdiction—Residence—Domicile of Wife—Separation from Husband—Living in Another State.

1. The residence of the plaintiff for the required time at the time of filing the petition is the residence that determines the jurisdiction of the court in an action for divorce, and the plaintiff's residence after that time is not material.

2. Though a wife having a cause for divorce may acquire a separate residence in another jurisdiction entitling her to maintain there her action for divorce, her husband cannot by his wrongful treatment compel her to establish a residence in another jurisdiction where she has gone to receive care and attention, when the matrimonial domicile is in this state and the parties have resided here for more than the statutory period of residence to give jurisdiction in divorce; and, the husband continuing to reside

here, the wife, in such case, may claim his residence as hers, at least until she has established a residence elsewhere.

3. A residence once acquired continues until a new one is acquired; and a change of residence does not consist alone in going to and living in another place, but it must be with the intention of making that place the permanent residence.

4. After living with her husband in this state for nearly two years following their marriage in Nebraska, plaintiff, on March 16, 1906, being then *enceinte.* and in poor health and needing care and attention, left her husband because of his cruel treatment, remained for about two weeks with a neighbor, and from there went to the home of her parents in Nebraska, and filed her petition for divorce May 8, 1906, living with her parents until the trial in July, 1907, though she was in this state for a few days between the time of going to Nebraska and filing the petition. She testified that her residence was in this state, that she needed care and went to her parents' home temporarily, and did not intend to return and live with her husband. *Held,* that plaintiff had not lost her residence in this state at the time of filing her petition, and that the district court had jurisdiction of her action for divorce.

[Decided March 10, 1909.]                    (100 Pac. 112.)

ERROR to the District Court, Laramie County; HON. ROD-ERICK N. MATSON, Judge.

Action for divorce brought by Anna Duxstad against Louis Duxstad. The action was dismissed by the district court on the ground that the plaintiff had not resided in this state for one year immediately preceding the filing of her petition. The other material facts are stated in the opinion.

*M. A. Kline,* and *Sullivan & Squires,* for plaintiff in error.

The defendant was bound by his admission in his answer as to the residence of the plaintiff and was improperly permitted on the trial, at the close of plaintiff's evidence, to file an amendment to the answer denying that plaintiff was a resident of Laramie County, Wyoming. (Quinby v. Car-

hart, 133 N. Y. 579; White v. Douglas, 71 Cal. 115; Leathers v. Tobacco Co., 9 L. R. A. (N. S.) 362; Wulff v. Manuel, 9 Mont. 276; Losch v. Pickett, 36 Kan. 216; Revised Statutes 1899, Sec. 3588.)   The amendment constituted an entirely new defense and one inconsistent with the defense pleaded.   The original defense was that the plaintiff had left defendant without cause or excuse.   That plea in itself admits that the domicile of plaintiff was that of her husband.   And the law is well settled that the husband's domicile is the domicile of his wife, and that is so even if she has left him and makes her home in another state.   (10 Ency. L. 32; Rodgers' Dom. Rel., Secs. 180-182; Atherton v. Atherton, 181 U. S. 164; Cheely v. Clayton, 110 U. S. 705; Hammond v. Hammond, 103 N. Y. App. Div. 446; Hunt v. Hunt, 72 N. Y. 218; Suter v. Suter, 72 Miss. 345; Smith v. Smith, 28 N. W. 298; Loker v. Gerald, 157 Mass. 42.)   The allowance of the amendment was not only an abuse of discretion but was manifestly prejudicial.   Under the device of conforming pleadings to facts proved a new cause of action cannot be permitted to be introduced.   (1 Ency. Pl. & Pr. 583; Clark v. Spencer, 14 Kan. 405; People v. Barton, 4 Colo. App. 455; Kelley v. Kershaw, 5 Utah 295; Barton v. Laws, 4 Colo. App. 212; Shernecker v. Thein, 11 Wis. 561; Garrison v. Goodale, 23 Or. 307; Bank v. Goldsoll, 8 Mo. App. 595; Corby v. Wright, 4 Mo. App. 451; Howe v. Russell, 36 Me. 115; Champion v. File, 14 N. J. Eq. 232; Guilbean v. Thibedean, 30 La. Ann. 1099; Bliss Code Pl. 662; Koons v. Price, 40 Ind. 169; Doeme, 96 N. Y. App. Div. 287.)

The facts in the case support the allegation as to plaintiff's residence, and the district court had jurisdiction.   Residence in divorce means domicile.   (14 Cyc. 586; Shaw v. Shaw, 98 Mass. 159; Downs v. Downs, 23 D. C. App. 388; Humphrey v. Humphrey, 115 Mo. 363; Graham v. Graham, (N. Dak.) 81 N. W. 44; De Meli v. De Meli, 24 N. E. 998 (N. Y.); 9 Ency L. 734; 11 Bishop Mar. & Div. 124, 124a, etc.; Smith v. Smith, (N. Dak.) 75 N. W. 783;

Carpenter v. Carpenter, 30 Kan. 712; Bechtel v. Bechtel, 101 Minn. 511.)

The husband's domicile and the domicile of matrimony determine the domicile of the wife. (Rodgers on Dom. Rel. 137; Sewall v. Sewall, 122 Mass. 162; Ames v. Ames, 7 Pen. Sup'r Ct. 460; Hammond v. Hammond, 103 N. Y. App. Div. 446; Boreing v. Boreing, (Ky.) 71 S. W. 432; Harris v. Harris, 83 N. Y. App. Div. 128; Atherton v. Atherton, 181 U. S. 155; 14 Cyc. 838.)

Three things are necessary to a change of domicile. (1) Residence in another place. (2) An intention to abandon the old domicile. (3) An intention of acquiring a new one. The old domicile is kept until the new one is obtained. (Pickering v. Winch, 9 L. R. A. (N. S.) 1164; Hayes v. Hayes, 74 Ill. 312; 14 Cyc. 852; 2 Bish. Mar. & Div., Sec. 118a; Graham v. Graham, 81 N. W. 44; Whately v. Hatfield, (Mass.) 82 N. E. 48; Morrison v. Turnbaugh, 91 S. W. 152.) Temporary absence from the state does not cause loss of domicile therein. (Bradstreet v. Bradstreet, 18 D. C. 239; Humphrey v. Humphrey, 115 Mo. App. 363; Fickle v. Fickle, 5 Yerg. 204; Haymond v. Haymond, 74 Tex. 419; Morehouse v. Morehouse, 70 Conn. 420; Ames v. Ames, 7 Pa. Sup'r Ct. 460; Boreing v. Boreing, (Ky.) 71 S. W. 431; Collins v. City of Ashland, 112 Fed. 179; Summerville v. Summerville, (Wash.) 72 Pac. 84; Bechtel v. Bechtel, 101 Minn. 511.)

We do not deny that the wife may have a separate domicile from her husband under certain conditions. Being given a cause for divorce or deserted by her husband she may acquire a separate domicile. (14 Cyc. 584; 9 Ency. L. 736.) This is to protect her rights and not to work a wrong upon her. (Hunt v. Hunt, 72 N. Y. 218; Atherton v. Atherton, (N. Y.) 49 N. E. 934; Harris v. Harris, 83 App. Div. 129.) But she may still sue in the forum of her husband's domicile. (Sewall v. Sewall, 122 Mass. 156; Maston v. Maston, 15 N. H. 159; Boreing v. Boreing, (Ky.) 71 S. W. 431; Kashaw v. Kashaw, 3 Cal. 312; Dunlop v. Dunlop, 3 Ky.

L. Rep. 20; Payson v. Payson, 34 N. H. 518; Smith v. Smith, 19 Neb. 706; Harrison v. Harrison, 20 Ala. 629; Ashbaugh v. Ashbaugh, 17 Ill. 476; Davis v. Davis, 30 Ill. 180; Dutcher v. Dutcher, 39 Wis. 651.)

No appearance for defendant in error.

BEARD, JUSTICE.

This is an action for divorce, brought by the plaintiff in error against the defendant in error, in the district court of Laramie County. The alleged grounds for such divorce being extreme cruelty; and such indignities offered by the defendant to plaintiff as to render her condition intolerable. The petition was dismissed by the district court on the ground that the plaintiff had not resided in this state for one year immediately preceding the filing of her petition, and that, therefore, the court was without jurisdiction. The correctness of that decision is the only question necessary to be determined on this appeal.

Our statute, Sec. 2989, R. S. 1899, as amended by Chap. 2, S. L. 1901, provides that "No divorce shall be granted unless the plaintiff shall have resided in this state for one year immediately preceding the filing of the petition, or unless the marriage was solemnized in this state, and the applicant shall have resided therein from the time of the marriage until the filing of the petition." In this case the parties were married in the state of Nebraska on April 6, 1904, plaintiff being a resident of that state, and the defendant being a resident of Laramie county, in this state, where he owned a ranch and was engaged in raising sheep. Immediately after their marriage they went to defendant's ranch where they established their home and lived together as husband and wife until about March 16, 1906. About a year after their marriage they began to have trouble between them and during the year they had several quarrels, the last one being on March 7, 1906, when she attempted to leave their home, after a combat, but was forcibly prevented from doing so by the defendant. She left, however, on March 16,

1906, and went to the house of a neighbor where she remained for two or three weeks, and from there she went to the home of her parents in Nebraska about April 1, and she filed her petition May 8, 1906. Between those dates she had been in this state for a few days. She testified to a number of acts of cruelty and to indignities and that she left on that account. That she was *enceinte* and had not been in good health for some time; that it was necessary for her to have care and that she had no place to go but to her parents' home, and that she went there temporarily until the trouble between her and her husband was settled. She remained with her parents up to the time of the trial in July, 1907, her child being born there about Oct. 13, 1906. She also testified that she did not intend to return to Wyoming and live with her husband and that she did not know what she would do. The defendant in his testimony denied many of the charges made against him, but admitted that at one time he swore at her and at another time applied to her the most vile epithet that can be applied to a woman, that at one time while they were in bed together he put his hand over her mouth and told her to hush up, and that when she was about to leave in March he took her cloak from her and then followed her and caught her by the wrist and brought her back. Without stating the evidence more in detail, we think it sufficiently appears that her condition was such that she needed care which she could not or at least did not receive from her husband at their home. We think the rule is that the wife's residence is that of her husband, save in exceptional cases, when she can, on account of necessity, establish and claim a separate residence. One of such exceptions is, when he has given her cause for divorce. In that case it has been generally held that she may acquire a separate residence in another jurisdiction which will entitle her to maintain an action for divorce in that jurisdiction. This she may do; but her husband cannot by his wrongful acts and by mistreating her compel her to do so, when, as in this case, both parties have resided in the state for more

than one year, that being the matrimonial domicile, and the husband still continuing to reside here, she may still claim his residence as hers, at least until she has established a residence elsewhere. (Ensign v. Ensign, 105 N. Y. Supp. 917; Masten v. Masten, 15 N. H. 159; 14 Cyc. 584.) There is no evidence in this case that the plaintiff intended, at the time she left her home to go to her parents or when she filed her petition, to make her parents' home her paramount residence, except the inference that may be drawn from the fact that she remained there up to the time of the trial and the further fact that she stated that she did not intend to return and *live with her husband*. But she repeatedly and positively stated that she was living with her parents temporarily and that her residence was in Laramie County. A change of residence does not consist alone in going to and living in another place, but it must be with the intention of making that place the permanent residence. A residence once acquired continues until a new one is acquired. (Watkinson v. Watkinson, 68 N. J. Eq. 632.) In that case the court said: "To construe the temporary residence of appellant with his wife in New York to be a change of domicile seems to me to be unwarranted, for, as Mr. Justice Depue said, in Harral v. Harral, 39 N. J. Eq. (12 Stew.) 285, 'to the *factum* of residence must be added the *animus manendi*, and that place is the domicile of a person in which he has voluntarily fixed his habitation, not for a mere temporary or special purpose, but with a present intention of making it his home, unless or until something which is uncertain or unexpected shall happen to induce him to adopt some other permanent home.' The doctrine laid down by the courts of the United States is that domicile having been once acquired, continues until a new one is actually acquired *animo et facto*. (10 Am. & Eng. Encycl. L. 15; Cadwalader v. Howell, 18 N. J. Law (3 Harr.) 138; Clark ads. Likens, 26 N. J. Law (2 Dutch.) 207)." See also Boreing v. Boreing, (Ky.) 71 S. W. Rep. 431; Haymond v. Haymond, 74 Tex. 414. The case at bar differs from one

(14)

where the parties have never resided in the state but one of them comes to the state and attempts to establish a residence here. In such a case the question is, did the party acquire a residence here? While in this case the question is, did plaintiff lose her residence here on account of her absence from the state for about six weeks under the circumstances attending her absence? We are of the opinion that she did not, and that the district court erred in so holding. It is the residence of the plaintiff for the required time at the time of filing the petition that determines the jurisdiction of the court, and it is not material where she may have established her residence after that time. (Waltz v. Waltz, 18 Ind. 449.)

For the reasons above stated the judgment of the district court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

                                            . *Reversed.* .

POTTER, C. J., and SCOTT, J., concur.