ANDREWS, Respondent, v. ANDREWS, Appellant.

(166 N. W. 166.)

(File No. 4137.   Opinion filed January 18, 1918.   Rehearing denied March 8, 1918.)

1.  Divorce—Extreme Cruelty—Findings Sustaining Cruelty—Assertion of Wife's Unchastity—Sufficiency of Evidence.

   Upon appeal from a judgment in favor of plaintiff, in a suit for divorce on ground of extreme cruelty, evidence found

sufficient to sustain finding of extreme cruelty, through husband's persistent assertion of plaintiff's lack of chastity and denial of paternity of her child.

2.   Divorce—Plaintiff's Residence—Driven From Home by Defendant, Whether Voluntary Abandonment of Residence—Statute re Residence—Jurisdiction to Try Case

In a suit for divorce on ground of extreme cruelty, trial court having found for plaintiff on ground of extreme cruelty through persistent assertion by defendant husband of her lack of chastity, and his denial of paternity of her child; the evidence fully justifying court's conclusion that plaintiff was driven from her home with defendant in this state through said acts of cruelty, held, construing Laws 1907, Ch. 132, Sec. 1, providing that plaintiff in a suit for divorce must have been an actual resident, in good faith, in this state for one year, and of the county in which said action is commenced for three months next preceding commencement of action, that, the evidence showing that the parties lived together in Clay county for two years before plaintiff was driven from her home by defendant's acts of cruelty, she did not voluntarily abandon her husband nor her home, nor her actual residence in this state, in going to her mother's home in another state, the only place where she might find shelter for herself and child and where circumstances enabled her to obtain work for their support.   Held, further, that she was fully justified in declining to return to her husband's home so long as he persisted in asserting her lack of chastity and denying paternity of her child; such action constituting extreme cruelty.   Held, further, that the fact that she remained with her mother nearly a year and a half before instituting suit is explained by her hope that her husband would change his attitude toward her so that she could return with some degree of self-respect; the record showing she did not finally refuse to return until compelled to abandon that hope by his continued refusal to retract said accusations.

3.   Same—Plaintiff's Residence—Removal to Another State Through Ill-treatment—Presumption re Abandonment of Former Residence—Rule.

A spouse who is compelled by cruel treatment to remove to another state should not be held to have voluntarily abandoned the former actual residence, at least until it clearly appears that the original cause of removal has ceased to operate, and a new residence has been voluntarily determined upon and acquired.   So held, where findings showed plaintiff's said removal was compelled by defendant's acts of cruelty through persistent assertion of her lack of chastity and denial of paternity of her child.

Appeal from Circuit Court, Clay County. Hon. ROBERT B. TRIPP, Judge.

Action by Carolyn Andrews, against Elva Cornelius Andrews, for divorce.

From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*W. W. Reams, Roscoe Satterlee* and *Chas. E. DeLand,* for Appellant.

*Payne & Olson,* and *Keithley & Bump,* for Respondent.

(2) To point two of the opinion, Appellant cited: Duxstad v. Duxstad, 17 Wyo. 411; 100 Pac. 112; Humphrey v. Humphrey, 115 Mo. App. 361; 91 S. W. 405; McShane v. McShane, 45 N. J. Eq. 341; 19 Atl. 465; Smith & Smith, 10 N. D. 219; 86 N. W. 721; Tracy v. Tracy, 62 N. J. Eq. 807; 48 At. 533; Bradfield v. Bradfield, 154 Mich. 115; 117 N. W. 588, 129 A. S. R. 468; R. C. L. Vol. 9 P. 403; Comp. Laws 1887, Sec. 2578; Laws 1893, ch. 75; Rev. Civ. Code, Sec. 86; Laws 1907, ch. 132, Sec. 1; Sec. 87, Rev. Civ. Code; Sec. 129, Cal. Civ. Code; Moffatt v. Moffatt, 5 Cal. 281; Nelson on Divorce & Separation, Secs. 42, 48; Wood v Wood, 54 Ark. 172, 15 S. W. 459; Fitzgerald v. Arel, 18 N. W. 713 (714), 63 Ia. 104, 50 Am. Rep. 733; Frost v. Brisbin, 32 Am. Dec. 423 (425); Tipton v. Tipton, 87 Ky. 243, 8 S. W. 440; Ditson v. Ditson, 4 R. I. 87 (107); White v. White, 18 R. I. 292, 27 Atl. 506; Dutcher v. Dutcher, 39 Wis. 651 (659); Bishop Mar., Div. & Sep., Sec. 127.

Respondent cited: 9 Ruling Case Law, p. 403, Sec. 199; Bechtel v. Bechtel 101 Minn. 511, 112 N. W. 883, 12 L. R. A. (N. S.) 1100; Duxstad v. Duxstad, 17 Wyo. 411; 100 Pac. 112, 129 A. S. R. 1138; Moore v. Moore, 130 N. C. 333, 41 S. E. 941; Humphrey v. Humphrey, 115 Mo. App. 361, 91 S. W. 405; Calef v. Calef, 54 Me. 365; 92 Am. Dec. 549.

SMITH, J. Defendant appeals from a judgment granting the plaintiff a divorce on the ground of extreme cruelty, and from an order refusing a new trial.

The only assignment of error necessary to a determination of the appeal is that of insufficiency of the evidence to show jurisdiction of the trial court. Defendant, a resident of this state for many years, was married to plaintiff in Illinois on April 20, 1912. Both returned to this state after the marriage and took up

their residence in Clay county in October, 1912. On March 18,
1913, a child was born. They continued to reside on defendant's
farm until December, 1914. Acts of extreme cruelty complained
of and conclusively shown by the evidence and findings of the
trial court were committed during the period of their residence in
Clay county. In December, 1914, by reason of such cruel treat-
ment, plaintiff was compelled to and did leave defendant's home
and go to her mother's home in Des Moines, Iowa, and refused
to return except upon condition that defendant retract unfounded
charges made by him both publicly and privately against her chas-
tity, and particularly those involving the paternity of her child,
which defendant refused to do. Plaintiff remained with her
mother until February, 1915, when this action was begun.

It is appellant's contention that plaintiff was not a resident of
Clay county or of this state when the action was brought, and that
under the statute the trial court was without jurisdiction. Appel-
lant invokes section 1, c. 132, Laws 1907, which reads as fol-
lows:

"The plaintiff in an action for divorce must have been an ac-
tual resident, in good faith, of this state for one year, and of
the county wherein such action is commenced for three months
next preceding the commencement of said action, except as herein
otherwise provided."

Plaintiff and defendant had actually resided and lived to-
gether in Clay county for more than two years before plaintiff was
driven from her home by defendant's acts of cruelty. She did not
voluntarily abandon her husband, nor her home, nor her actual
residence in this state, but went to her mother's home, the
only place where she might find shelter for herself and child,
and where circumstances enabled her to obtain work for their
support. She was fully justified in declining to return to her
husband's home so long as her husband persisted in asserting her
lack of chastity and denying the paternity of her child. No cruel-
ty could be more extreme toward a chaste and virtuous wife, and
not a scintilla of evidence justified such charges against her.
The fact that she remained with her mother nearly a year and
a half before instituting the divorce action is fully explained by
her hope that her husband would change his attitude toward her,
and she could return to her home with some degree of self-

respect, and the record shows that she did not finally refuse to return to him until she was compelled to abandon that hope by his continued refusal to retract his cruel and unjustifiable accusations of unchastity.    A spouse who is compelled by cruel treatment to remove to another state should not be held to have voluntarily abandoned the former actual residence, at least until it clearly appears that the original cause of removal has ceased to operate, and a new residence has been voluntarily determined upon and acquired.    Bechtel v. Bechtel, 101 Minn. 511, 112 N. W. 883, 12 L. R. A. (N. S.) 1100; Duxstad v. Duxstad, 17 Wyo. 411, 100 Pac. 112, 129 Am. St. Rep. 1138 9 R. C. L. 403, § 199.

The order and judgment of the trial court are in all things affirmed.