PETERSON, Respondent, v. McMILLAN, et al, Appellants

(14 N. W.2d 97.)

(File No. 8640.   Opinion filed April 14, 1944.)

**E. B. Harkin,** of Aberdeen, for Appellants.

**Max Stokes,** of Aberdeen, for Respondent.

POLLEY, J.   This is an appeal from an order denying an application to set aside a default judgment and to permit the defendants to answer and defend.

The summons and complaint were served on defendants, three in number, on the 7th day of March, 1941.   Upon receipt of the summons and complaint, the defendants in response thereto and without employing an attorney, contacted the plaintiff and endeavored to settle their differences without litigation.   Plaintiff and defendants had been carrying on business quite extensively without a settlement for several years; the business involved thousands of dollars and consisted of many items; it took considerable time to go over them all, but they continued with the work, apparently in a friendly manner, in an endeavor to ascertain which of them were indebted to the other and how much.   They continued to negotiate in this manner until the time for answering the complaint was growing short and on the 24th day of April they all agreed to an extension of time for answering. Plaintiff's attorney, Mr. Stokes, and the three defendants signed a written stipulation extending the time for answering to the 30th day of April, 1941.   The parties, including Mr. Stokes part of the time, continued with their negotiations for a settlement, assisted by Mr. Stokes, until the 22nd day of May, 1941, when Mr. Stokes, without giving any notice to defendants of his intention to take judgment as by default, and without the knowledge of any of the defendants, made an affidavit containing the following language:

"That more than 30 days have elapsed since the service of said summons and complaint upon the above named de-

fendants and that no answer or demurrer or notice of appearance or copy of either has been received by the plaintiff's attorney in this cause, except all parties stipulated that defendants might have until April 30th, 1941 to serve their answer which has not been done."

This affidavit does not state that no appearance had been made by defendants, but only that no notice had been received; neither does it state that the defendants were in default at the time the affidavit was made. It will be remembered that plaintiff's counsel and the defendants had entered into a written stipulation to extend the time for answering from the 24th day of April, 1941 to the 30th day of April, 1941. This amounted to a general appearance in the case (Whittaker v. Warren, 14 S. D. 611, 86 N. W. 638), and entitled the defendants to the six days' notice provided for by Par. (2) in SDC 33.1707 before entering a default judgment. The judgment having been issued without such notice was irregular and voidable. We believe it should be conclusively presumed that appellants were prejudiced by failure to give the six days' notice. Such holding will best respect the express provision of the statute. See St. Paul Harvester Co. v. Forbreg, 2 S. D. 357, 50 N. W. 628.

The judgment should be set aside because of the failure of plaintiff to give the six days' notice. It follows that no question is presented under SDC 33.0108 providing for relief from judgments taken against a defendant "through his mistake, inadvertence, surprise or excusable neglect."

The order appealed from is reversed.

All the Judges concur.