No. 37,042

Agnes P. Patterson, *Appellee*, v. Leroy L. Patterson, by Maude C. Patterson, Administratrix of the Estate of Leroy L. Patterson, Deceased, *Appellant*.

(190 P. 2d 887)

Opinion filed March 6, 1948.

*Robert H. Cobean,* of Wellington, argued the cause for the appellant.

*Clarence R. Sowers,* of Wichita, argued the cause for the appellee.

The opinion of the court was delivered by

Harvey, C. J.: The appeal here is from an order of the court of June 21, 1947, sustaining plaintiff's motion to set aside as void the judgment of the court of March 30, 1934, granting to her then husband, Leroy L. Patterson, a divorce from plaintiff.

The pertinent portions of the record may be stated as follows: On December 20, 1934, the plaintiff filed in the district court of Sedgwick county a petition for divorce from her then husband, Leroy L. Patterson. In the petition she alleged that she and the defendant were married at Newkirk, Okla., on July 6, 1918, and have ever since been husband and wife; that there were born to the parties three children, Leveta A. Patterson, age 14 years; Leverne G. Patterson, age 13; and Louise M. Patterson, age 8. As grounds for divorce she alleged extreme cruelty and gross neglect of duty.

She asked for a divorce and for custody of the minor children. No claim was made for alimony or for support of the children. Defendant filed a written statement in which he waived the issuance and service of summons and entered his voluntary appearance in the action. Thereafter he filed an answer in which he denied the grounds of divorce charged by plaintiff and also filed a cross petition for divorce from the plaintiff upon the grounds of extreme cruelty and gross neglect of duty. This was not verified. On March 30, 1934, the action came on for trial. The plaintiff appeared by her attorney, who announced to the court that plaintiff had left the city of Wichita without leaving an address, could not be located, and probably would not return. Defendant appeared in person and by his attorney and the journal entry reads:

". . . and the Court, having examined the pleadings, files and records in said cause and having heard the evidence introduced by the defendant and being duly advised in the premises, finds:

"That the Court has jurisdiction of the parties to this action and of the cause of action; . . . . That the allegations contained in the counterclaim and cross petition of the defendant are true and that defendant is entitled to the relief prayed for."

The court rendered a decree giving defendant, Leroy L. Patterson, a complete and absolute divorce from the plaintiff and setting off to him certain property. The court gave the custody of the children to the plaintiff. On June 21, 1935, the plaintiff filed a motion in the action asking the court to modify the order made on March 30, 1934, insofar as it relates to the custody and support of the minor children. In this she alleged that defendant had not contributed to the support of the children although he was employed and earning sufficient money to do so. The prayer was for an allowance for the support of the children. This motion was heard by the court on July 2, 1935, the plaintiff appearing in person and by her attorney and the defendant appearing in person and by his attorney. After the hearing the court gave to plaintiff the custody of the minor daughter, Louise, gave defendant, Leroy L. Patterson, the custody of the minor son, Leverne, the minor daughter, Leveta, to be permitted to stay with either parent she chose to live with, which parent should then have her custody. The court also made an order for the defendant to pay plaintiff a stated sum each week to support the children in the custody of plaintiff.

On June 9, 1947, plaintiff filed in the original divorce action a motion to set aside and vacate the judgment and decree of divorce

rendered on March 30, 1934, for the reason that it was rendered on an unverified cross petition of the defendant, Leroy L. Patterson. In the meantime Leroy L. Patterson had married a second time, had moved to Sumner county and died, and his widow, Maude C. Patterson, had been appointed administratrix of his estate. She appeared in the original divorce action in Sedgwick county and filed what she denominated a demurrer to the motion, upon the ground that the court had no jurisdiction of the subject matter and that the motion filed by plaintiff did not constitute any cause of action or a right on the part of the plaintiff for the relief prayed for. The motion, with the objection thereto, came on for hearing before the court on June 21, 1947. At that time it was shown to the court that the plaintiff in the original divorce action had married one J. R. Knoble at Medford, Okla., on October 7, 1934, and on or about September 6, 1943, she had filed an action for divorce against him in the district court of Sedgwick county upon the ground of extreme cruelty; that this petition was heard on June 7, 1943, at which time the court granted the plaintiff in the original action, under the name of Agnes Pat Knoble, a divorce from her then husband, J. R. Knoble, and gave her the custody of the child of that marriage, Beverly June, then seven years of age.

In this action the trial court overruled the demurrer filed by the administratrix of the estate of Leroy L. Patterson and sustained the motion to set aside the judgment rendered in the original divorce case on March 30, 1934, and set that judgment aside. From this order the administratrix of the estate of Leroy L. Patterson has appealed. Evidently the motion to vacate the judgment of March 30, 1934, is predicated upon G. S. 1935, 60-3009, which reads:

"A void judgment may be vacated at any time, on motion of a party, or any person affected thereby."

It has been repeatedly held that to vacate a judgment under this statute the judgment must be void as distinct from voidable. Where a court has jurisdiction of the subject matter and of the parties its judgment is not void and should not be set aside under this section. See *Skaer v. Capsey*, 127 Kan. 383, 273 Pac. 464, and authorities there cited.

Here the court had jurisdiction of the subject matter (Const., art. 2, § 18; G. S. 1935, ch. 60, art. 15). The plaintiff had submitted herself to the jurisdiction of the court by filing the petition, and defendant had submitted himself to the jurisdiction of the court

by filing a written waiver of issuance and service of summons and entering his voluntary appearance in the action, also by filing an answer to plaintiff's petition and a cross petition for divorce. Hence, there was no lack of jurisdiction of the court, and in its journal entry of judgment the court, having examined the papers, correctly found that it had jurisdiction of the subject matter and of the parties.

In support of the ruling of the trial court counsel for appellee call our attention to G. S. 1935, 60-1504, which provides that a petition in a divorce action "must be verified," and to G. S. 1935, 60-1505, which authorizes a defendant in his answer to allege a cause of action for divorce against the plaintiff but requires that "When new matter is set up in the answer, it shall be verified as to such new matter by the affidavit of the defendant." However, it has been repeatedly held that an imperfect verification, or a lack of verification, does not oust the court of jurisdiction. It is a matter which cannot be reached by demurrer, but must be reached by a motion to strike the unverified pleading from the files. See *Warner v. Warner,* 11 Kan. 121. An order of the court denying such motion to strike, standing alone, is not an appealable order. (*Pulliam v. Pulliam,* 163 Kan. 497, 183 P. 2d 220.) When the court's attention is not called to an improper verification, or lack of verification of the pleadings, and the action proceeds to trial as though the pleadings were verified, the improper verification, or lack of verification, is waived. (*Warner v. Warner,* supra; *Hoopes v. Implement Co.,* 45 Kan. 549, 26 Pac. 34; *Hornick v. U. P. Railroad Co.,* 85 Kan. 568, 118 Pac. 60; *J. W. Jenkins Sons' Music Co. v. Stehley,* 139 Kan. 226, 31 P. 2d 33.)

While what has been said is sufficient to require a reversal of the order of the court from which an appeal has been taken we think it not out of place to note that the plaintiff, by her own conduct, is estopped from raising the question of a lack of verification of defendant's cross petition. Treating the judgment as valid, she filed a motion in the same case for the court to modify its order respecting the custody and maintenance of the children and succeeded in getting the relief, or at least a part of it, for which she prayed. Then, treating the divorce from Leroy L. Patterson as valid, she married J. R. Knoble October 7, 1934, and after living with him more than nine years and bearing a child by him she sought and obtained a divorce from him on June 3, 1943. At the

oral argument counsel for appellant informed us that sometime later she married a Mr. Cooper, who is her present husband, and bore a child by him. This was not controverted by opposing counsel. Hence, plaintiff has treated the divorce decree which Leroy L. Patterson procured from her March 30, 1934, as valid on at least three important occasions. It is well settled that one who takes the benefit of a decree of the court is estopped thereafter from questioning its validity.

It seems clear to us that the judgment of the trial court sustaining the motion to set aside the decree of divorce rendered June 30, 1934, is erroneous and should be set aside with directions for the court to overrule that motion.

It is so ordered.

WEDELL, J., concurring in the result.