BROCKEL, Respondent v. BROCKEL, Appellant

(128 N.W.2d 558)

(File No. 10068. Opinion filed May 20, 1964)

**Morris Myers,** Aberdeen, for Defendant and Appellant.

**Agor, Siegel, Barnett & Schutz,** Aberdeen, for Plaintiff and Respondent.

HOMEYER, J.   This is an appeal from a judgment and order which among other things denied defendant's motion to vacate a default decree granting plaintiff a divorce and to answer in the action.

Defendant contends (1) he had entered what amounted to an appearance in the action and because the default decree was entered without notice to him as provided by SDC 1960 Supp. 33.1707(2), it was a nullity and should have been set aside; and (2) since subsequent to the commencement of the action the parties resumed marital relations, the cause of action abated and because no summons was served with the amended complaint the court was without jurisdiction to grant the divorce.

Plaintiff resisted the motion both in the trial court and in this court by ignoring defendant's contentions and affirmatively urging that irrespective of any irregularities or defects in obtaining the default decree, either procedural or jurisdictional, defendant is estopped and guilty of laches and should be denied relief. The trial court found defendant had accepted the benefits and fruits of the default judgment entered against him and was estopped from attacking it, and was guilty of laches in moving to set it aside.

■ Before discussing the correctness of the trial court's holding, we digress to briefly comment on defendant's principal contentions. This court has held where a general appearance has been entered, the failure to give the six days' notice required by the statute was an irregularity and a default judgment entered without such notice was voidable. Peterson v. McMillan, 70 S.D. 56, 14 N.W.2d 97. This seems to be the generally accepted position although courts are not in entire accord. Federal Land Bank of St. Paul v. Olson, 239 Wis. 448, 1 N.W.2d 752; 49 C.J.S. Judgments § 208c, 30A Am.Jur., Judgments, § 207. See annotation 51 A.L.R.2d 837.

■ ■ As to defendant's second contention, SDC 1960 Supp. 33.0914 permits one amendment to a pleading as a matter of course before a responsive pleading is served. Likewise under SDC 14.0716, 14.0717 a resumption of marital relations in itself does not operate as an abandonment of the cause of action, in the absence of an express agreement to condone, and may be revived. The precise question argued has not been passed upon by this court. Other courts are not in agreement. Some hold the cause of action abates. Collins v. Collins, 194 La. 446, 193 So. 702; Chester v. Chester, 76 Cal.App.2d 265, 172 P.2d 924. Some hold, and what appears to be a majority, that it does not. Egidi v. Egidi, 37 R.I. 481, 93 A. 908, Ann.Cas. 1918A, 648; Harn v. Harn, 155 Ga. 502, 117 S.E. 383; Brewer v. Brewer, 205 Ga. 759, 55 S.E.2d 147; Payne v. Payne, 157 Or. 428, 72 P.2d 536; Robbins v. Robbins, 234 Iowa 650, 12 N.W.2d 564. Still others hold plaintiff may proceed with the divorce action, but the condonation and revocation should be set forth by supplemental petition or amended complaint. Huffine v. Huffine, Com.Pl.,

74 N.E.2d 764; Eicher v. Eicher, 148 Neb. 173, 26 N.W.2d 808; 17 Am.Jur., Divorce and Separation, § 227; 27A C.J.S. Divorce § 62b. See annotation 32 A.L.R.2d 107.

■ The question presented is whether defendant is barred by laches or estoppel from challenging the decree. The parties were married in 1954. On September 18, 1961, plaintiff sued for divorce alleging cruelty and defendant was personally served with process. He appeared in person and by counsel at a pendente lite hearing for temporary allowances on September 25th. On or about October 14th, the parties resumed cohabitation and marital relations. No order of dismissal of the action was entered. On January 26, 1962, plaintiff served upon defendant an amended complaint and supporting papers for temporary allowances. The amended complaint is in substantial conformity with the original complaint except for an additional allegation setting forth resumption of cohabitation conditioned upon discontinuance of the prior marital misconduct and defendant's noncompliance. A second pendente lite hearing was held on February 2nd, at which defendant appeared in person. On February 6th an order granting temporary allowances was served on defendant. On March 2nd a decree of divorce was entered upon an affidavit of default by her then counsel. The decree also granted plaintiff custody of the seven-year-old child of the parties, provided for child support and vested title to a negligible amount of property in each of the parties. On March 13th defendant admitted service on the judgment.

Defendant remarried on August 4, 1962. On August 31st he was served with an order to show cause in contempt proceedings for failure to make the support payments required by the divorce decree. In the same proceeding plaintiff sought to amend the decree pertaining to child visitation rights. Defendant resisted the application by filing an affidavit in which, among other things, he indicated knowledge plaintiff was contemplating remarriage. His counsel also presented a proposed order to reduce child support payments. After almost three months' delay, the controverted matters were finally heard on November 30th and the court entered its decision and judgment relieving defendant from child support payments prior to July 9th, but held

him in contempt for failure to make payments after that date. On December 3rd defendant was served with the decision and judgment. On December 6th an order was entered purging defendant of contempt.

On January 17, 1963, defendant filed a motion to set aside the default decree of divorce entered on March 2, 1962, and to permit him to answer, or in the alternative, to reduce the child support payments. An affidavit of merits was filed with the motion in which he claimed adulterous conduct of plaintiff prior to the commencement of the divorce action, claimed the support payments were excessive, and said he wanted to contest for child custody. Plaintiff filed an answering affidavit in which she stated she had remarried on September 15, 1962, that defendant was in arrears $720 in child support payments, and by counter motion asked defendant's motion be denied and he be held in contempt for failing to make support payments. The motions were heard on February 4th. The record reveals the following colloquy between counsel at such hearing:

"BY MR. BARNETT: I think that the record ought to further show that it is the plaintiff's position here that by remarriage, both of the parties have necessarily given final recognition to this judgment and final decree of divorce, and that it further emphasizes the merits of the plaintiff's equitable defenses to defendant's showing.
"BY MR. MYERS: The record should also show that the defendant would ask relief only as against those portions of the judgment entered that did not relate to the bonds of matrimony; all except, that is, dissolving the marriage between these parties."

In view of this statement of defendant's counsel it is difficult to understand the nature of this appeal. Following this verbal exchange the court orally announced its denial of defendant's motion to vacate and defendant's counsel then withdrew his motion to reduce child support payments. On Febraury 6th findings, conclusions, judgment and order were entered denying defendant's motion to vacate, granting plaintiff's motion to dismiss defendant's motion, and holding defendant in contempt for failure to make child support payments.

· We have set forth at some length a chronology of events and proceedings antidating defendant's motion to nullify the court's decree awarding plaintiff a divorce. We are more than satisfied that the record supports the trial court's application of the equitable doctrines of laches and estoppel. We fail to comprehend or appreciate the motives prompting defendant's actions. Although we find no South Dakota cases which bear directly on the issues of estoppel and laches in divorce actions, the interest which the state has in the marriage relation, and its public policy as well, should dictate against what is sought to be accomplished by this motion. After having accepted the benefits of the divorce the defendant attempts to stigmatize himself and his former wife as bigamists. If successful, the result would cause grave injury to innocent persons with whom they sought to contract marriages.

There is nothing in this record which hints at fraud, collusion, or concealment in obtaining the divorce. Neither is there any assertion of property rights which often prompt divorce litigants to assume inconsistent positions. Revenge too must be ruled out since both have remarried, defendant's second nuptial adventure preceding plaintiff's by about six weeks. If defendant's motives were to secure child custody or relief from what he considered excessive child support allowances, procedural avenues were open to him without attempting to bigamize the parties or to illegitimatize children conceived or born to them subsequent to the divorce decree.

Where a decree of divorce is void, which we do not intimate in this case, parties may be estopped to assert its invalidity to their own advantage if they have enjoyed its fruits. The most common case is where the defendant acts upon the decree by remarrying. Relief is denied in such instances almost without exception. Freeman on Judgments, 5th Ed., § 1438, p. 2962; 17 Am.Jur., Divorce and Separation, § 516; 27B C.J.S. Divorce § 365; Rice v. Moore, 194 Ark. 585, 109 S.W.2d 148; Reichert v. Appel, Florida Cases 1954-1955, 74 So.2d 674; Miles v. Jones, 197 Okl. 684, 173 P.2d 949; Anno. 12 A.L.R.2d 153. In Patterson v. Patterson, 164 Kan. 501, 190 P.2d 887, the husband obtained a divorce and the wife later remarried. She attempted to set aside the

divorce. The court said the wife had treated the divorce "as valid on at least three important occasions (by remarrying). It is well settled that one who takes the benefit of the decree is estopped thereafter from questioning its validity."

In Swift v. Swift, 239 Iowa 62, 29 N.W.2d 535, service by publication was attempted which was void. The court granted a divorce to the wife on August 30, 1946. Defendant husband was personally served with process outside the state on September 9, 1946 or about ten days after the divorce had been granted. Two days later the husband learned that a divorce decree had already been entered. About a month later he returned to the county where his former wife lived and saw her frequently during the next few months. On March 11, 1947, the wife remarried. Thirteen days later the husband instituted proceedings to set aside the divorce decree as void. The trial court granted his application. On appeal the court said: "There remains the question whether, as plaintiff contends, defendant's attack upon the decree is barred by laches or estoppel. This presents only a question of law. On this issue there are no disputed facts. If the trial court's conclusion on this issue is erroneous, of course there must ·be a reversal. It is not questioned, nor can it be, that a party against whom a void decree of divorce is granted may be barred by laches or estoppel from attacking it. We have so held several times. (cases cited) * * * We hold here defendant is precluded by laches, estoppel and lack of good faith from challenging this decree."

The defendant could only have contracted a second marriage under authority of the divorce granted to the plaintiff. He does not come into court with clean hands when the relief he requests, if granted, would make him a bigamist. One in his position cannot accept the benefit of a judgment and then be heard to assert its nullity and invalidity. Scheper v. Scheper, 125 S.C. 89, 118 S.E. 178; Davis v. Davis, 229 Ind. 414, 99 N.E.2d 77.

Other error urged requires no consideration since disposition of this case is based on equitable principles.

Affirmed.

All the Judges concur.