No. 46,404

EUNICE JUSTUS, *Appellee,* v. W. W. JUSTUS, *Appellant.*
District Court No. 7347

W. W. JUSTUS, *Appellant,* v. EUNICE JUSTUS, *Appellee.*
District Court No. 7932

(495 P. 2d 98)

Opinion filed March 4, 1972.

*John Q. Royce,* of Hampton, Royce, Engleman and Nelson, of Salina, argued the cause and was on the brief for the appellant.

*Kenneth Clark,* of Hill City, argued the cause, and Allen Shelton, of Hill City was with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Eunice Justus was granted a divorce from W. W. Justus on April 17, 1963. She was given custody of the couple's four children. An interest in certain real estate was set over to her by that decree. W. W. Justus was in default of appearance and pleading.

On May 8, 1963, the husband, W. W. Justus, filed a motion to set aside the decree and to obtain a rehearing. The motion was denied after full arguments and no appeal was taken from that order of denial.

Seven years later W. W. Justus remarried.

Thereafter on July 1, 1970, W. W. Justus collaterally attacked the divorce decree in two separate proceedings.

In the original divorce action (No. 7347) W. W. Justus filed a second motion to set aside the divorce decree. This motion was denied and W. W. Justus filed notice of appeal.

A separate action was filed at the same time to quiet title to the real estate which had been set over to the wife by the 1963 divorce decree. Summary judgment was entered in favor of the wife in that action. W. W. Justus filed notice of appeal.

By stipulation of the parties both appeals were consolidated in the court below. Each appeal involves a collateral attack upon the divorce decree entered in 1963.

We believe that a short answer to both appeals lies in the undisputed fact that the appellant, W. W. Justus, has remarried.

When a former spouse takes advantage of a decree of divorce by remarrying he cannot question the validity of the decree in a collateral proceeding concerning any rights which arose from the marital relation and which were determined by the decree.

In *Perrenoud v. Perrenoud,* 206 Kan. 559, 480 P. 2d 749, this court said:

". . . The validity of a divorce decree cannot be questioned in a collateral proceeding concerning any rights arising out of a marital relation, by a spouse who takes advantage of such decree by remarrying. . . ." (p. 571)

See, also, *Patterson v. Patterson,* 164 Kan. 501, 190 P. 2d 887 and 29 A. L. R. 3d 1167.

Appellant attempts to evade the foregoing rule of law by claiming the decree of divorce was absolutely void.

The basis for this contention is an amendment to the petition in the original action. The prayer of the original petition was for separate maintenance. Personal service of summons was made upon W. W. Justus in the county on November 14, 1961. No answer was filed by the defendant. Thereafter on December 17, 1962, an amendment to the petition was filed praying for a divorce. A notice of the amendment and a copy of the amendment to the petition was mailed to the address of W. W. Justus and a certificate of mailing signed by wife's attorney and sworn to before the Clerk of the District Court was filed in the case. The divorce action was heard on April 17, 1963. Thereafter appellant appeared on May 8, 1963, and filed a motion to set aside the judgment and to obtain a rehearing on all matters adjudicated including the division of property. The motion was denied and no appeal was taken.

The appellant argues there was insufficient service of process

upon him since there was a complete change in the cause of action by the amendment. We note in passing G. S. 1949, 60-756, then in effect, permitted amendment of the petition without leave at any time before answer.

The appellant does not contend the court lacked jurisdiction of the subject matter. His claim is directed to lack of jurisdiction of his person. Appellant asserts that notice of the amendment to the petition was never received by him. However, he does not deny that he appeared in the action three weeks after the divorce decree was entered and filed a motion to set aside the judgment and asked for a rehearing on all matters adjudicated.

A court has jurisdiction to determine its own jurisdiction over the person of a defendant, and a judgment rendered against a defendant who has appeared specially and moved to dismiss for want of jurisdiction of his person is *res judicata* of such question when not tested by the appellate process. (*Baldwin v. Traveling Men's Assn.*, 283 U. S. 522, 75 L. Ed. 1244, 51 S. Ct. 517; 5 Am. Jur. 2d, Appearance, § 4, p. 481; 28 A. L. R. 2d 1303, 1318.)

Appellant's first challenge to the jurisdiction of the court over his person was made in his motion of May 8, 1963. This challenge was fully heard by the trial court which had jurisdiction to determine the question raised by him. His objection was determined and even though we assume it to have been determined erroneously on the facts or on the law, that determination is *res judicata* and precludes collateral attack on the judgment on the ground of lack of jurisdiction. If the court erroneously determines that it had jurisdiction over the defendant, defendant has ground for reversal in an appellate court. If, however, he does not appeal the decision it becomes binding and defendant cannot thereafter contend that the judgment was void.

The decree of divorce at most was voidable not void. W. W. Justus by remarrying on the strength of that decree cannot question its validity in collateral proceedings.

The order and the judgment are affirmed.