John Thomas McDOUGALL,
Appellant (Defendant),

v.

Krista Kae McDOUGALL,
Appellee (Plaintiff).

No. 97–305.

Supreme Court of Wyoming.

Aug. 11, 1998.

Mary T. Parsons, Cheyenne, for Appellant(Defendant).

Peter G. Arnold and James R. Salisbury of Riske & Arnold, P.C., Cheyenne, for Appellee(Plaintiff).

Before LEHMAN*, C.J., and MACY and GOLDEN, JJ., and KALOKATHIS and GRANT, District JJ.

KALOKATHIS, District Judge.

This is an appeal from an order denying relief from a motion under W.R.C.P. 60(b)(4) seeking to set aside as void, for lack of subject matter jurisdiction, a divorce decree entered on December 15, 1992. We affirm.

* Chief Justice effective July 1, 1998.

## ISSUES

Appellant, John Thomas McDougall (husband), states the issues as:

I. Whether the trial court erred in its denial of appellant's motion to set aside decree of divorce and dismiss pursuant to Rules 12(h)(3) and 60(b)(4).

II. Whether in the absence of subject matter jurisdiction in the divorce, the determination of child custody and child support matters was proper.

III. Should the judgment awarding appellee's attorney fees stand if this court finds the trial court lacked subject matter jurisdiction?

Appellee, Krista Kae Aris, f/k/a Krista Kae McDougall (wife), presents her issues:

I. Whether the decree of divorce is valid
   A. Whether the Trial Court had subject matter jurisdiction to enter the Decree of Divorce.
   B. Whether principles of equity prevent Appellant from contesting the validity and effect of the Decree of Divorce.

II. Whether the determination of child support and custody issues by the trial court was within the jurisdiction of the court.

III. Whether the trial court's award of costs and attorneys' fees to appellee was proper.

IV. Whether the appellee is entitled to an award of her attorney's fees and cost in the event the decision is affirmed.

## FACTS

The parties were married in Cody, Wyoming on June 22, 1989. The parties' daughter was born in Laramie, Wyoming. Immediately following their wedding, the parties moved to Lansing, Michigan where the husband attended Michigan State University. Eventually, the wife also attended Michigan State University, enjoying Michigan resident status, from 1990 until her graduation in May 1992.

The wife and child remained in Michigan until September 1992 when they moved to Ft. Collins, Colorado while the husband remained in Michigan. On September 11, 1992, the wife filed a complaint for divorce in Platte County, Wyoming. In October 1992, the wife began commuting to Cheyenne, Wyoming from Ft. Collins to work. The wife placed the child in a Cheyenne day care. On December 15, 1992, the district court entered a default divorce decree. The husband, although properly served, did not enter an appearance.

In March 1993, the wife and child moved to Cheyenne. Both the husband and the wife have remarried and have children from their second marriages.

The divorce decree ordered that the husband provide support for the child. Some child support payments were made, but not through the clerk of court. Accordingly, charges were filed against the husband for violating the federal child support enforcement statutes. The husband was arrested in November 1996 in Texas.

Thereafter, the husband filed a motion to dismiss and set aside decree of divorce. He argued that the district court did not have subject matter jurisdiction over the divorce action because the wife had not resided in Wyoming for the "sixty (60) days immediately preceding the time of filing the complaint * * *." Wyo. Stat. § 20-2-107(a) (1997). The district court entered an order denying the husband's motion, finding that the district court had subject matter jurisdiction because the wife never established permanent residence outside of Wyoming and that the husband was estopped from challenging the validity of the divorce decree.

## DISCUSSION

■ The principles concerning subject matter jurisdiction are well defined, consistent and deeply rooted. Subject matter jurisdiction cannot be conferred by the consent of the parties. *Spratt v. Security Bank of Buffalo, Wyo.*, 654 P.2d 130, 134 (Wyo.1982). Nor can subject matter jurisdiction be waived. *Brunsvold v. State*, 864 P.2d 34, 36 (Wyo.1993); *United Mine Workers of America Local 1972 v. Decker Coal Co.*, 774 P.2d 1274, 1283 (Wyo.1989); *Nicholaus v. Nicholaus*, 756 P.2d 1338, 1342 (Wyo.1988).

■ A presumption of regularity attaches to decrees not challenged directly. *First Wyoming Bank, N.A.-Cheyenne v. First Nat. Bank and Trust Co. of Wyoming*, 628 P.2d 1355, 1362 (Wyo.1981). Moreover, such decrees carry a prima facie presumption of jurisdiction. *State ex rel. Sheehan v. District Court of Fourth Judicial Dist., In and For Johnson County*, 426 P.2d 431, 434 (Wyo. 1967).

■ Wyo. Stat. § 20–2–107(a) provides, in pertinent part: "No divorce shall be granted unless the plaintiff has resided in this state for sixty (60) days immediately preceding the time of filing the complaint * * *." The term "resided" implicates the concept of domicile. Once a domicile is established, it continues until a new one is actually acquired. *Duxstad v. Duxstad*, 17 Wyo. 411, 100 P. 112, 114 (1909). A change of address alone does not amount to a change in domicile. Such change must be with the intention of making that place the permanent residence. *Id.* 100 P. at 114. This intention, or *animus manendi*, has been defined as:

> [T]he intent to reside in the new place permanently or indefinitely, or to make the new place one's permanent home, or as the absence of an intention to live elsewhere. It has also been said that there must be (1) an intention to abandon the old domicil, and (2) an intention to acquire a new one.

24 Am.Jur.2d *Divorce and Separation* § 245 (1983) (footnotes omitted).

Even though a party may be absent from the state of original domicile, that domicile continues until a new one is adopted. *See Duxstad*, 100 P. at 114. The husband argues that the wife abandoned her Wyoming domicile when she filed for resident status in Michigan to obtain a favorable tuition rate. Moreover, the wife lived in Ft. Collins at the time she filed the divorce complaint. The wife argues that her stay in Ft. Collins was necessitated by the lack of adequate housing in Cheyenne and further asserts that while the action was pending, she took a job in Cheyenne, placed her child in day care in Cheyenne and eventually moved to Cheyenne, where she presently resides.

A finding of Wyoming residence based upon these facts is suspect. However, a W.R.C.P. 60(b) proceeding is not limited to a one-dimensional inquiry into residence. The doctrine of estoppel is available in exceptional cases and so is the presumption of regularity.

■ The doctrine of estoppel does not validate an otherwise invalid decree. Rather, it imposes a personal disability on the party challenging the decree. It precludes the party from presenting evidence to overcome the presumption of regularity. The application of estoppel in divorce actions has been synthesized by Professor Homer Clark in *Estoppel Against Jurisdictional Attack on Decrees of Divorce*, 70 Yale L.J. 45, 56–57 (1960) as follows:

> 1) The attack on the divorce is inconsistent with prior conduct of the attacking party. 2) The party upholding the divorce has relied upon it, or has formed expectations based upon it. 3) These relations or expectations will be upset if the divorce is held invalid.

The estoppel principle has been recognized by the Restatement (Second) of Judgments § 66 (1982) and by case law. *Brockel v. Brockel*, 80 S.D. 547, 128 N.W.2d 558, 561 (1964) provides:

> Where a decree of divorce is void, which we do not intimate in this case, parties may be estopped to assert its invalidity to their own advantage if they have enjoyed its fruits. The most common case is where the defendant acts upon the decree by remarrying. Relief is denied in such instances almost without exception. * * * In *Patterson v. Patterson*, 164 Kan. 501, 190 P.2d 887 [ (1948) ], the husband obtained a divorce and the wife later remarried. She attempted to set aside the divorce. The court said the wife had treated the divorce "as valid on at least three important occasions (by remarrying). It is well settled that one who takes the benefit of the decree is estopped thereafter from questioning its validity."

*See also Sariego v. Sariego*, 231 Ark. 35, 328 S.W.2d 136, 138 (1959) (relief denied where wife allowed the entry of a default divorce against her and did not bring the action to

set aside the divorce until after the husband had remarried); *Wendell v. Wendell,* 111 Cal. App.2d 899, 245 P.2d 342, 344 (1952) (a wife, having remarried, was estopped from asserting invalidity of her divorce); and *In re Marriage of Gryka,* 90 Ill.App.3d 443, 45 Ill.Dec. 820, 413 N.E.2d 153, 155 (1980) (one who remarries may be estopped from challenging the validity of a divorce decree).

We accept the principle of estoppel as a means of recognizing a personal disability upon the husband provided that the evidence adduced is sufficient to establish prima facie the wife's Wyoming domicile. This principle does no violence to *Emery v. Emery,* 404 P.2d 745 (Wyo.1965), because evidence sufficient to meet the requirements of estoppel was wanting in *Emery.*

In this case, both parties have since remarried. By taking their vows of remarriage, both relied upon the validity of the divorce decree. Subsequently, children issued from these marriages. Only after the husband was threatened with federal prosecution for past child support delinquencies did he challenge the validity of the decree. Even though the assertion of Wyoming residence is less than compelling, we hold the district court did not abuse its discretion in refusing to set aside the decree.

Our holding is a limited one, recognizing: (1) the original decree carried a prima facie presumption of jurisdictional regularity; (2) the wife made a prima facie showing of residence; and (3) thereby entitled her to the benefit of the application of the doctrine of estoppel.[1]

The order of the district court denying relief from the original decree of divorce is affirmed, and so is the component of that order awarding the wife attorney fees and costs.

---

1. Our holding balances the imperative of subject matter jurisdiction against the well established principle of estoppel. A decree wholly lacking in evidentiary support for its jurisdictional validity should not be enforceable. However, if a quantum of evidence is adduced sufficient for a prima facie showing of residence, the doctrine of estoppel is then available.