NOT DESIGNATED FOR PUBLICATION

No. 124,255

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ERNEST GAINES,
*Appellant*,

v.

JOSEPH NORWOOD, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L MCCARVILLE III, judge. Opinion filed March 4, 2022. Affirmed.

*Ernest Gaines*, appellant pro se.

*Jon D. Graves*, legal counsel, of Kansas Department of Corrections, of Hutchinson, for appellees.

Before GREEN, P.J., ATCHESON AND HURST, JJ.

PER CURIAM: Ernest Gaines, an inmate at the State prison in Hutchinson, appeals the Reno County District Court's rejection of a motion to correct an illegal sentence he personally drafted and filed in a habeas corpus case in which he had already achieved some measure of success. Gaines continues to represent himself in this court. A motion to correct an illegal sentence cannot properly be filed in a habeas corpus action brought under K.S.A. 60-1501, as Gaines has tried to do. It is a creature of criminal procedure governed by K.S.A. 22-3504 and should be filed in the criminal case that produced the challenged sentence. The district court appropriately refused to take up the motion for lack of jurisdiction because Gaines' relevant criminal cases were prosecuted in Sedgwick County.

1

A detailed recitation of Gaines' criminal history is unnecessary. Pertinent here, he was charged in Sedgwick County District Court in 2014 with felonies in four criminal cases. Gaines was then in the midst of serving postrelease supervision for two felony convictions also from Sedgwick County. Gaines entered pleas and was sentenced in the 2014 cases the following year. The Sedgwick County District Court ordered that Gaines be credited with the time he spent in jail as a pretrial detainee.

The Kansas Department of Corrections allocated the jail-time credit partly against Gaines' sentences in the 2014 cases and partly against the remainder of his postrelease supervision in the earlier cases. In 2018, Gaines filed a habeas corpus petition under K.S.A. 60-1501 in the Reno County District Court challenging that allocation. He argued the Department should have applied the jail-time credit to only the 2014 cases. Gaines properly filed the petition in Reno County because he was confined at the State prison there.

The Reno County District Court agreed with Gaines and ordered the jail-time credit be allocated as he requested. The district court also ordered the Department to rescind the credit against the postrelease supervision period to avoid a double counting of the jail-time credit. Gaines did not appeal that ruling. The Prison Review Board then revoked Gaines' postrelease supervision in the earlier convictions and ordered that he serve the balance of that time—179 days, as we understand it—in addition to the sentences for the 2014 convictions. Gaines did not challenge the Board's determination.

In May 2021, Gaines filed what he described as a motion to correct an illegal sentence in this case—the habeas corpus proceeding—ostensibly because his sentences had been improperly extended by 179 days, reflecting the revoked postrelease supervision the Board ordered him to serve. The precise grounds for Gaines' claim are both murky and immaterial to the resolution of this appeal. At the Department's invitation

2

in its responsive filing, the district court dismissed the motion for lack of jurisdiction. Gaines has appealed that ruling.

As provided in K.S.A. 2020 Supp. 22-3504, criminal defendants may file motions to correct illegal sentences at any time they are serving those sentences. The motion is to be filed in the underlying criminal case; it is considered a posttrial motion directed to the district court that imposed the sentence. See *State v. Hoge*, 283 Kan. 219, 223-24, 150 P.3d 905 (2007) (characterizing motion to correct illegal sentence as species of posttrial motion). So Gaines' motion was plainly out of place in the Reno County District Court case. And the Department duly objected to it.

The district court found it lacked jurisdiction to consider the motion, as the Department has submitted. With limited exceptions, a criminal case may be filed only in the county in which the crime was committed. K.S.A. 22-2602; *State v. Torres*, 53 Kan. App. 2d 258, 267, 386 P.3d 532 (2016) ("The State must prosecute a crime in the proper venue, which is the county in which the crime was committed."). In a criminal prosecution, unlike a civil proceeding, venue is jurisdictional. See *State v. Kendall*, 300 Kan. 515, 530, 331 P.3d 763 (2014). Here, it is undisputed all of Gaines' relevant crimes were committed in Sedgwick County and the convictions and sentences were rendered there. Accordingly, the Reno County District Court had no jurisdiction to consider a motion to correct those sentences because they purportedly were illegal. The district court properly denied Gaines' motion for that reason.

On appeal, Gaines has not asked that we consider his motion to be something other than what it plainly was drafted to be. We, therefore, do not alternatively construe it as an original habeas corpus petition or some sort of untimely motion to modify the original judgment in this habeas corpus action. Gaines' argument for relief is somewhat difficult to follow and does not encompass an articulated constitutional deprivation that would itself support a 60-1501 petition.

3

A court has jurisdiction to determine its own jurisdiction. *Justus v. Justus*, 208 Kan. 879, 881, 495 P.2d 98 (1972); see *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644, 126 S. Ct. 2145, 165 L. Ed. 2d 92 (2006). The Reno County District Court did just that in rejecting Gaines' motion. We see no error in that determination and, therefore, affirm the district court's conclusion it lacked jurisdiction to consider the merits of Gaines' motion challenging the legality of his sentences.

Affirmed.